Case No.: CV-2006- 1173

# SUMMONS

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

_____LEE HARTWELL_____  vs.  THE CITY OF MONTGOMERY, ALABAMA, AND THE PERSONNEL BOARD OF THE CITY AND COUNTY OF MONTGOMERY, ALABAMA

PLAINTIFF        D1        DEFENDANTS

NOTICE TO: MAYOR BOBBY BRIGHT, THE CITY OF MONTGOMERY, 103 NORTH PERRY STREET, MONTGOMERY, AL 36104

The Complaint which is attached to this Summons is important, and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint, with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff or Plaintiff's attorney, _____**J. Bernard Brannan, Jr.**_____, whose address is: **602 South Hull Street, Montgomery, Alabama 36104**.

This Answer must be mailed or delivered within __30__ days after this Summons and Complaint were delivered to you, or a judgment by default may be entered against you for the money or other things demanded in the Complaint.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

__&__ You are hereby commanded to serve this Summons and a copy of the Complaint upon the Defendant.

__✓__ Service by certified mail of this Summons is initiated upon the written request of the Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Date: __05/10/06__      _Melissa Pittman_      By: _KL_

__✓__ Certified mail is hereby requested.

_Plaintiff/Plaintiff's attorney_

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002        See Reverse for Instructions

7005 0274 0002 0100 4002 5112

_____fice on: _____

the Summons and Complaint to: _____
_____ County, Alabama, on _____

SERVER'S SIGNATURE

FILED
2006 APR 27 PM 3:44
CIRCUIT COURT OF MONTGOMERY COUNTY


EXHIBIT A

Case No.: CV-2006- 1173

# SUMMONS

IN THE ___CIRCUIT___ COURT OF ___MONTGOMERY___ COUNTY

___LEE HARTWELL___    vs.    THE CITY OF MONTGOMERY, ALABAMA, AND THE PERSONNEL BOARD OF THE CITY AND COUNTY OF MONTGOMERY, ALABAMA

PLAINTIFF        D2        DEFENDANTS

NOTICE TO: BARBARA M. MONTOYA, PERSONNEL DIRECTOR, CITY-COUNTY OF MONTGOMERY PERSONNEL DEPARTMENT, 27 MADISON AVENUE, MONTGOMERY, AL 36104

The Complaint which is attached to this Summons is important, and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint, with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff or Plaintiff's attorney, _____J. Bernard Brannan, Jr._____, whose address is: **602 South Hull Street, Montgomery, Alabama 36104**.

This Answer must be mailed or delivered within __30__ days after this Summons and Complaint were delivered to you, or a judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

____ You are hereby commanded to serve this Summons and a copy of the Complaint upon the Defendant.

✓ Service by certified mail of this Summons is initiated upon the written request of the Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Date: __05/10/06__        _Melissa Pittman_ (signature)        By: _kr_

✓ Certified mail is hereby requested.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _____
Street, Apt. No.; or PO Box No. _____
City, State, ZIP+4 _____

PS Form 3800, June 2002        See Reverse for Instructions

7006 0100 0002 0276 5105

Plaintiff/Plaintiff's attorney (signature)

ice on: _____

the Summons and Complaint to: _____
_____ County, Alabama, on _____

SERVER'S SIGNATURE

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2006 APR 27 PM 3:43

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LEE HARTWELL § § § Plaintiff-Petitioner, § § vs. § § THE CITY OF MONTGOMERY, § ALABAMA, and the PERSONNEL § BOARD OF THE CITY § AND COUNTY OF MONTGOMERY, § ALABAMA, § § Defendants-Respondents. § | Case No. CV-2006-1173 |

## COMPLAINT AND PETITION FOR A WRIT OF CERTIORARI

Comes now the Plaintiff-Petitioner, Lee Hartwell, and files this Complaint or Petition seeking relief against the Defendants-Respondents, the City of Montgomery, Alabama, and the Personnel Board of the City and County of Montgomery, Alabama. Relief is sought through a writ of certiorari to the Defendants-Respondents, through a Complaint under 42 U.S.C. § 1983. In support of the Complaint-Petition, the Plaintiff-Petitioner asserts the following:

1. On July 19th, 2000, the Plaintiff-Petitioner was promoted as a Sergeant in the Fire Department of the City of Montgomery, Alabama.

2. Officials of the Fire Department of the City of Montgomery recommended the demotion of the Plaintiff-Petitioner on October 5, 2005, and charged him with:

   Failing to carry out an order of a superior.

   Breaking the chain of command.

   Being disrespectful to a superior.

   Making untrue slanderous comments about a superior.

3. All charges against Sergeant Hartwell stemmed from discipline initiated by District Chief, Kelly D. Gordon.

4. Prior to Chief Gordon being promoted to District Chief and prior to his ever supervising Sergeant Hartwell, Sergeant Hartwell filed a complaint with the Department that a tattoo

        that District Chief Gordon had on his bicep was offensive and in violation of the Department's policy. The tattoo was a Confederate Battle Flag with a human skull within the flag (See Tattoo Policy attached hereto as Exhibit A).

5. The Department ignored the policy as to Gordon and did not require him to remove the tattoo, even though it was offensive to Hartwell and would be offensive to other African Americans. The tattoo of the flag with the skull within it was not historical, but added what could be an intimidating effect to the message it sent to those African Americans who viewed it.

6. The City of Montgomery removed the Confederate Battle Flag from the Seal of the City of Montgomery because it was offensive to some citizens.

7. After Hartwell's complaint, Gordon received several promotions and was ultimately promoted to District Chief. Immediately after Kelly Gordon was in a position to supervise Sergeant Hartwell, as a District Chief, he began disciplining him arbitrarily and without cause. Such was done in retaliation for Sergeant Hartwell's exercising his First Amendment rights and petitioning the Montgomery Fire Department to enforce its policies, rules, and regulations as to Gordon.

8. Fire officials and the City of Montgomery, by and though its Mayor, ratified Hartwell's mistreatment by Gordon and caused his demotion.

9. Sergeant Hartwell was provided a hearing before Montgomery Fire Department officials, and his demotion from his position was recommended as a result of that hearing.

10. Sergeant Hartwell sought a review of the demotion decision before the Mayor of the City of Montgomery, and was awarded a hearing on October 27, 2005, before Michael Briddell, Executive Assistant to the Mayor. On November 18, 2005, the Mayor issued a final decision upholding the demotion of Sergeant Hartwell.

11. Sergeant Hartwell timely appealed the demotion decision to the Personnel Board for the City and County of Montgomery. The Personnel Board held a hearing on March 14, 2006, and issued a decision upholding Sergeant Hartwell's demotion on March 16, 2006.

12. The grounds for demoting Sergeant Hartwell were:

        Failing to carry out an order of a superior.

        Breaking the chain of command.

        Making untrue slanderous comments about a superior.

13. The charge of failing to carry out an order of a superior was the result of District Chief Kelly Gordon telling Sergeant Hartwell that he must bring a doctor's excuse because he became sick and had to go home while working an overtime shift.

14. The rules and regulations of the Montgomery Fire Department state that a firefighter may be required to furnish a doctor's excuse if he is seeking to be compensated for paid sick leave. An overtime employee, such as Hartwell, was not eligible to take sick leave for not completing an overtime assignment (See Memo on Use of Paid Sick Leave dated for August 8, 2001, attached hereto as Exhibit B).

15. The District Chief did not have the authority to require a doctor's excuse.

16. The City of Montgomery, by and though counsel in the Montgomery City County Personnel Board hearing, stipulated that it did not contest whether or not Hartwell was sick, but rather his refusal of a direct order to bring a doctor's excuse when asked.

17. Breaking the chain of command was submitted by the Fire Department, based upon the testimony of Deputy Fire Chief Walker, to be addressing memos to Walker when he was the proposed recipient, rather than addressing them to Hartwell's immediate supervisor. The rules and regulations of the Montgomery Fire Department specifically direct a firefighter who wishes to submit a memorandum to a Deputy Chief to address the memorandum to the Deputy Chief and present it to him through the chain of command. It is undisputed that the Petitioner addressed his memorandums to Deputy Chief Walker to Chief Walker and submitted them up the chain of command exactly as required by the rules and regulations of the Montgomery Fire Department (See Interdepartmental Communications attached hereto as Exhibit C).

18. The charge of making untrue slanderous comments about a superior were allegations, in a memo Sergeant Hartwell set forth, that in his opinion, Deputy Chief Gordon was biased against him (See Employee Counseling Record for August 18, 2005, attached hereto as Exhibit D).

19. The alleged untrue nature of the statement was that Gordon claimed he was not biased. The statements made in the memorandum to Chief Walker were submitted through the chain of command. They were neither untrue nor slanderous.

20. The charge brought against Sergeant Hartwell seeking his demotion, "making untrue slanderous comments about a superior," was an effort to take action against Hartwell for exercising his constitutional right of freedom of speech and to petition for redress as a result of mistreatment by his superior.

21. Sergeant Hartwell was punished and demoted in retaliation for exercising his first amendment right and petitioning the Montgomery Fire Department to enforce its policies, rules, and regulations, and to seek redress for Gordon retaliating against him for having taken the same action previously.

22. Based upon the City of Montgomery's progressive disciplinary procedure, Hartwell became subject to discipline, which was the demotion, because he had been "written up" for three separate offenses. The third of which was the allegation that he had made "untrue slanderous comments about a superior" and this was an exercise of his first amendment to the United States Constitution rights. He was demoted as a result of such exercise.

## COUNT ONE
### Petition for a Writ of Certiorari
### Violation of First Amendment Rights

23. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-22 of the Complaint of Petition as a part of this COUNT ONE, the same as if set out herein in full.

24. The Petitioner had a constitutional right to speak out about a matter of great public interest and to seek redress to enforce the policies, rules, and regulations of the Montgomery Fire Department, where he was employed.

25. He filed a complaint petitioning the Department to enforce the policies, rules, and regulations of the Department concerning what he deemed to be an offensive tattoo on a member of the Fire Department, because such was in direct violation of the Department's policy on tattoos.

26. The Department took no action to enforce the policies, rules, and regulations concerning this offensive tattoo.

27. Under color of law and through the authority of the City of Montgomery, the Defendants violated the constitutional rights of the Plaintiff-Petitioner, caused him to be retaliated against for exercising his right to freedom of speech and to seek redress, and in violation

of Title 42, Section 1983, punished the Plaintiff-Petitioner by demoting him. The Plaintiff-Petitioner seeks to be reinstated to his position as a Sergeant with the Montgomery Fire Department, along with all the rights associated therewith, including back pay for the period of his demotion, attorneys fees pursuant to Title 42, Section 1988, and such other and different relief as this Court may deem appropriate under the circumstances.

## COUNT TWO
### Petition for a Writ of Certiorari
### Violation of Right to Equal Protection

28. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-22 of the Complaint of Petition as a part of this COUNT TWO, the same as if set out herein in full.

29. The Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and of the Constitution of Alabama 1901 have been violated, as well as his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

30. Under the prevailing circumstances, the Plaintiff-Petitioner is entitled to have a writ of certiorari issued to the Defendants-Respondents requiring them to reinstate the Plaintiff-Petitioner to his position as a Sergeant with the Montgomery Fire Department, along with all the rights associated therewith, including back pay for the period of his demotion, attorneys fees pursuant to Title 42, Section 1988, and such other and different relief as this Court may deem appropriate under the circumstances.

## COUNT THREE
### Petition for a Writ of Certiorari
### and Sufficiency of the Evidence

31. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-22 of the Complaint of Petition as a part of this COUNT THREE, the same as if set out herein in full.

32. The burden of the City of Montgomery, before the Personnel Board of the City and County of Montgomery, Alabama, was to establish that the Petitioner, Lee Hartwell, violated the rules and regulations of the Fire Department of the City of Montgomery and, therefore, was due to be demoted.

33. The City of Montgomery failed to establish that Lee Hartwell violated the rules and regulations of the Fire Department of the City of Montgomery, as he had been charged.

34. The evidence presented by the City of Montgomery before the Personnel Board of the City and County of Montgomery, Alabama, was insufficient to establish that the Petitioner had violated the rules and regulations of the City of Montgomery and was due to be demoted.

WHEREFORE, these premises considered, the Petitioner seeks to be reinstated to his position as a Sergeant with the Fire Department of the City of Montgomery, along with all the rights associated therewith, including back pay for the period of his demotion and such other and different relief as this Court may deem appropriate under the circumstances.

                                                                                     _____
                                                                                     J. BERNARD BRANNAN, JR.(BRA022)
                                                                                     Attorney for Plaintiff-Petitioner

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598  facsimile

FROM: Deputy Chief R. E. Howard

DATE: September 3, 1999

Master Letter File # 8-4

RE: Tattoo/Brand and Body Piercing Policy



This memorandum incorporates a new Montgomery Fire Department Policy on tattoos/brands and body piercing. The Montgomery Fire Department recognizes that tattoos/brands and body piercing are a matter of personal choice and is allowable except when they are prejudicial to the good order and discipline of the fire service, or of a nature that tends to bring discredit upon the Montgomery Fire Department and/or otherwise do not present an acceptable appearance as a City of Montgomery Fire Department employee. Certain tattoos, brands, and body piercing are prohibited. They are as follows:

    a. Unauthorized: Tattoos/brands anywhere on the body that are obscene and/or advocate sexual, racial, ethnic, or religious discrimination are prohibited in and out of uniform. Tattoos/brands that are prejudicial to the good order and discipline or of a nature that tends to bring discredit upon the Montgomery Fire Department and the City of Montgomery are prohibited in and out of uniform.

    b. Inappropriate: Tattoos/brands will not be exposed or visible above the collar bone when wearing an open collar uniform, or on the wrist of hands when wearing a Class "A" long sleeve shirt.

    c. Body Piercing: Members are prohibited from attaching, affixing or displaying objects, articles, jewelry or ornamentation to or through the ear, nose, tongue or any exposed body part (includes visible through the uniform).

Any member obtaining unauthorized or inappropriate tattoos, brands or body piercing will be required to remove them at their own expense. Using uniform items to cover such tattoos, brands or body piercing is not an option. Members failing to remove unauthorized or inappropriate tattoos, brands or body piercing in a timely manner will be subject to discipline including, but not limited to, dismissal.

Members should not be allowed to display any tattoos, brand or body piercing that would detract from an appropriate professional image while in uniform. The Chief of the Montgomery Fire Department or his designee, will use

department image and the acceptability of tattoos, brands or body piercing displayed by members in uniform. Montgomery Fire Department members with existing tattoos or brands before the implementation of this policy not meeting an acceptable Fire Department appearance and image will be required to remove the tattoos or brands if the Chief of the Fire Department or his designee deems that the circumstances are warranted. Otherwise, fire department personnel with existing tattoos or brands will be grandfathered for purposes of compliance with this rule and regulation. Any member of the Fire Department who chooses not to comply with appropriate Fire Department personnel standards is subject to disciplinary action including, but not limited to, dismissal.

# MEMORANDUM

TO:     All Fire Department Personnel

FROM:   Deputy Fire Chief M. Jordan  *M.J.*

MASTER LETTER FILE #1 - 5

RE:     Use of Paid Sick Leave

Paid sick leave is a benefit granted to employees by the City of Montgomery. Sick leave is provided to continue the salary of eligible employees who are absent from work due to illness or injury.

Paid sick leave may also be used for the care of an ill or injured immediate family or household member. When an employee is unable to perform his / her job duties due to illness or injury, the employee shall devote his / her full attention to recovery and **shall not engage in any activity that might aggravate or prolong the illness or injury. With the exception of permission from the Deputy Fire Chief, an employee shall remain at home for the duration of the illness or injury except to the extent necessary to attend an appointment with a physician, obtain medication or therapy treatment.** If an individual is absent from duty **two consecutive shifts** on paid sick leave, that employee shall not work his / her part-time job or other activities before returning to duty with the Fire Department.

To receive paid sick leave a member must notify his / her district and company supervisor that he / she will be absent from work due to illness or injury prior to the beginning of his / her scheduled workday (no later than 7:30 a.m.). If it becomes necessary for a supervisor to contact you while on paid sick leave, it is your responsibility to have your current home phone number and address available at your assigned workstation. Answering machines or paging devices are not considered a means of contact.

If an employee is on paid sick leave prior to a schedule vacation, the employee **will be** required to work one full shift before vacation leave (annual leave) will be granted.

At the discretion of a company office or district supervisor a physician excuse may be required from an employee using paid sick leave. When an employee is absent from duty for a prolonged length of time due to illness, fractures, surgery, etc., he / she will be required to submit a return to full duty excuse from his / her physician before returning to duty.

MJ/sh

*August 8, 2001*

## INTERDEPARTMENTAL COMMUNICATIONS

Sec. 963, <u>Proper Interdepartmental Communication:</u>

TO:     James O. Smith, District Chief

FROM:   William A. Ross, Firefighter

DATE:   January 1, 1992

RE:     Proper Interdepartmental Communication form letter

Sir:

All interdepartmental communications are to be one copy, typed using single spacing and on one side only.

Write about one subject per letter. Be brief and to the point. Use no abbreviations. Use block style form (no paragraph indentions, complimentary close at left hand margin).

The complimentary close should be "Respectfully". Sign your name using first name, middle initial, and last name. You should also include your rank, station and division to which you are assigned.

Forward promptly via chain of command (from your Officer to you District Chief, etc.) address to the person and station number.

Respectfully,


William A. Ross, Firefighter
Station 20, District III


Sec. 964, <u>All other Information:</u> Information not pertaining to fires or other emergencies shall be approved by the Fire Chief of the Department through the proper channels, before release to any news media.

Sec. 965, Any correspondence written on City Letterhead Stationery must be approved by the Fire Chief's Office.

86.



PER.FORM 30
Revised 11/1/02

# EMPLOYEE COUNSELING RECORD

EMPLOYEE: L.M. Hartwell          POSITION: Sergeant

SUPERVISOR: K.D. Gordon, Sr.      DEPT: Fire

DATE OF COUNSELING: August 18, 2005

REASON FOR COUNSELING: (Description of performance or conduct - give specific facts, background information, dates and times)

> On August 16 Sergeant Hartwell turned in a letter charging D/C Gordon with specific allegations of being bias towards him for over 3 years. This is untrue and there is no evidence to support his allegations. Sergeant Hartwell is being charge with violating Montgomery Fire Department Rules and Regulation Section 1101 Members shall refrain from making false statements. Sergeant Hartwell has made statements against other officers and they have been found to be without merit
>
> See attached Letters

Employee's response:

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:

_____       8-25-05
Supervisor                              Date

My signature indicates that the above matters were discussed with me on _____
and that I received a copy of this form.                              (Month Day Year)

_____
Employee Signature

This will certify that _L.M. Hartwell_ was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor Signature

**Card 1 (left):**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Mayor Bobby Bright
City of Montgomery
103 N. Perry St.
Montgomery, AL 36104

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Frank Pole — ☐ Agent ☐ Addressee

B. Received by (Printed Name): FRANK POLE
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:
S&C D1
CV-06-1173

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7006 0100 0002 0276 5112

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**Card 2 (right):**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Barbara Personnel
City-County Personnel
27 Madison
Montgomery, AL 36104

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Frank Pole — ☐ Agent ☐ Addressee

B. Received by (Printed Name): FRANK POLE
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:
S&C D2
CV-06-1173

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY ALABAMA

| | |
|---|---|
| **Lee Hartwell,** | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV-2006-1173 |
| | ) |
| **City of Montgomery, et al.,** | ) |
| Defendant. | ) |

## ORDER

It is hereby **ORDERED** that this matter is set for a **NON-JURY TRIAL** on **7/18/2006** at **9:00AM** in Courtroom **3-C** of the *Montgomery County Courthouse*.

**DONE** and **ORDERED** this May 15, 2006.

*/s/ William A. Shashy*
**WILLIAM A. SHASHY**
Circuit Judge

J. Bernard Brannan, Jr.
The Brannan Law Firm, P.C.

Mayor Bobby Bright
The City of Montgomery
103 North Perry Street
Montgomery, AL 36104

Barbara M. Montoya
Personnel Director, City-Council of Montgomery
27 Madison Ave.
Montgomery, AL 36104

FILED 2006 MAY 15 PM 3:09 CIRCUIT COURT OF MONTGOMERY COUNTY