IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHER DIVISION

| | | |
|---|---|---|
| LEE HARTWELL, <br> IN HIS INDIVIDUAL CAPACITY, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF MONTGOMERY, <br> ALABAMA, PERSONNEL <br> BOARD OF THE CITY AND <br> COUNTY OF MONTGOMERY, <br> ALABAMA, and DISTRICT CHIEF <br> KELLY D. GORDON, IN HIS <br> INDIVIDUAL CAPACITY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 2:06cv518-MHT |

RECEIVED 2006 DEC -1 P 4:16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff Lee Hartwell, in his individual capacity, and files this First Amended Complaint or Petition seeking relief against the Defendants-Respondents, the City of Montgomery, Alabama, Personnel Board of the City and County of Montgomery, Alabama, and District Chief Kelly D. Gordon, in his individual capacity. Relief is sought through a Writ of Certiorari to the Defendants-Respondents, through a Complaint under 42 U.S.C. § 1983. In support of the First Amended Complaint-Petition, the Plaintiff-Petitioner asserts the following:

## JURISDICTION

This Court has jurisdiction over this cause pursuant to 28 USC §1331 and §1343 pursuant to Title 42, Section 1983. Furthermore, jurisdiction over Plaintiff's claim for costs, expenses, and attorney's fees is additionally conferred by Title 42, Section 1988.

## VENUE

The Middle District of Alabama is the proper Venue for this action as the Plaintiff resides in the Middle District of Alabama, the Defendant The City of Montgomery employs the Plaintiff Lee Hartwell within the Middle District of Alabama. The Middle District of Alabama is the judicial district where all actions giving rise to this claim occurred.
28 U.S.C. § 1391.

## THE PARTIES

1. The Plaintiff Lee Hartwell is an individual over the age of 19 years and is a resident of Montgomery County, Alabama within the Middle District of Alabama.

2. The Defendant City of Montgomery is a Municipal Corporation within the Middle District of Alabama.

3. The Defendant Personnel Board of the City and County of Montgomery, Alabama, is a Municipal Corporation within the Middle District of Alabama.

4. The Defendant District Chief Kelly D. Gordon is an individual over the age of 19 years and is a resident of Montgomery County, Alabama within the Middle District of Alabama. He is sued in his individual capacity.

## FACTS

1. On July 19th, 2000, the Plaintiff-Petitioner was promoted as a Sergeant in the Fire Department of the City of Montgomery, Alabama.

2. Officials of the Fire Department of the City of Montgomery recommended the demotion of the Plaintiff-Petitioner on October 5, 2005, and charged him with:

    Failing to carry out an order of a superior.

    Breaking the chain of command.

    Being disrespectful to a superior.

    Making untrue slanderous comments about a superior.

3. All charges against Sergeant Hartwell stemmed from discipline initiated by District Chief, Kelly D. Gordon.

4. Prior to Chief Gordon being promoted to District Chief and prior to his ever supervising Sergeant Hartwell, Sergeant Hartwell filed a complaint with the Department that a tattoo that District Chief Gordon had on his bicep was offensive and in violation of the Department's policy. The tattoo was a Confederate Battle Flag with a human skull within the flag (See Tattoo Policy attached hereto as Exhibit A).

5. The Department ignored the policy as to Gordon and did not require him to

remove the tattoo, even though it was offensive to Hartwell and would be offensive to other African- Americans. The tattoo of the flag with the skull within it was not historical, but added what could be an intimidating effect to the message it sent to those African-Americans who viewed it.

6. The City of Montgomery removed the Confederate Battle Flag from the Seal of the City of Montgomery because it was offensive to some citizens.

7. After Hartwell's complaint, Gordon received several promotions and was ultimately promoted to District Chief. Immediately after Kelly Gordon was in a position to supervise Sergeant Hartwell, as a District Chief, he began disciplining him arbitrarily and without cause. Such was done in retaliation for Sergeant Hartwell's exercising his First Amendment rights and petitioning the Montgomery Fire Department to enforce its policies, rules, and regulations as to Gordon.

8. Fire officials and the City of Montgomery, by and though its Mayor, ratified Hartwell's mistreatment by Gordon and caused his demotion.

9. Sergeant Hartwell was provided a hearing before Montgomery Fire Department officials, and his demotion from his position was recommended as a result of that hearing.

10. Sergeant Hartwell sought a review of the demotion decision before the Mayor of the City of Montgomery, and was awarded a hearing on October 27, 2005, before Michael Briddell, Executive Assistant to the Mayor. On November 18, 2005, the Mayor issued a final decision upholding the demotion of Sergeant Hartwell.

11. Sergeant Hartwell timely appealed the demotion decision to the Personnel Board for the City and County of Montgomery. The Personnel Board held a hearing on March 14, 2006, and issued a decision upholding Sergeant Hartwell's demotion on March 16, 2006.

12. The grounds for demoting Sergeant Hartwell were:

Failing to carry out an order of a superior.

Breaking the chain of command.

Making untrue slanderous comments about a superior.

13. The charge of failing to carry out an order of a superior was the result of District Chief Kelly Gordon telling Sergeant Hartwell that he must bring a doctor's excuse

because he became sick and had to go home while working an overtime shift.

14. The rules and regulations of the Montgomery Fire Department state that a firefighter may be required to furnish a doctor's excuse if he is seeking to be compensated for paid sick leave. An overtime employee, such as Hartwell, was not eligible to take sick leave for not completing an overtime assignment (See Memo on Use of Paid Sick Leave dated for August 8, 2001, attached hereto as Exhibit B).

15. The District Chief did not have the authority to require a doctor's excuse.

16. The City of Montgomery, by and though counsel in the Montgomery City County Personnel Board hearing, stipulated that it did not contest whether or not Hartwell was sick, but rather his refusal of a direct order to bring a doctor's excuse when asked.

17. Breaking the chain of command was submitted by the Fire Department, based upon the testimony of Deputy Fire Chief Walker, to be addressing memos to Walker when he was the proposed recipient, rather than addressing them to Hartwell's immediate supervisor. The rules and regulations of the Montgomery Fire Department specifically direct a firefighter who wishes to submit a memorandum to a Deputy Chief to address the memorandum to the Deputy Chief and present it to him through the chain of command. It is undisputed that the Petitioner addressed his memorandums to Deputy Chief Walker to Chief Walker and submitted them up the chain of command exactly as required by the rules and regulations of the Montgomery Fire Department (See Interdepartmental Communications attached hereto as Exhibit C).

18. The charge of making untrue slanderous comments about a superior were allegations, in a memo Sergeant Hartwell set forth, that in his opinion, Deputy Chief Gordon was biased against him (See Employee Counseling Record for August 18, 2005, attached hereto as Exhibit D).

19. The alleged untrue nature of the statement was that Gordon claimed he was not biased. The statements made in the memorandum to Chief Walker were submitted through the chain of command. They were neither untrue nor slanderous.

20. The charge brought against Sergeant Hartwell seeking his demotion, "making untrue slanderous comments about a superior," was an effort to take action against Hartwell for exercising his constitutional right of freedom of speech and to petition for

redress as a result of mistreatment by his superior.

21. Sergeant Hartwell was punished and demoted in retaliation for exercising his first amendment right and petitioning the Montgomery Fire Department to enforce its policies, rules, and regulations, and to seek redress for Gordon retaliating against him for having taken the same action previously.

22. Based upon the City of Montgomery's progressive disciplinary procedure, Hartwell became subject to discipline, which was the demotion, because he had been "written up" for three separate offenses. The third of which was the allegation that he had made "untrue slanderous comments about a superior" and this was an exercise of his first amendment to the United States Constitution rights. He was demoted as a result of such exercise.

## COUNT ONE
### Petition for a Writ of Certiorari
### Violation of First Amendment Rights

23. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-22 of the Complaint of Petition as a part of this COUNT ONE, the same as if set out herein in full.

24. The Petitioner had a constitutional right to speak out about a matter of great public interest and to seek redress to enforce the policies, rules, and regulations of the Montgomery Fire Department, where he was employed.

25. He filed a complaint petitioning the Department to enforce the policies, rules, and regulations of the Department concerning what he deemed to be an offensive tattoo on a member of the Fire Department, because such was in direct violation of the Department's policy on tattoos.

26. The Department took no action to enforce the policies, rules, and regulations concerning this offensive tattoo.

27. Under color of law and through the authority of the City of Montgomery, the Defendants violated the constitutional rights of the Plaintiff-Petitioner, caused him to be retaliated against for exercising his right to freedom of speech and to seek redress, and in violation of Title 42, Section 1983, punished the Plaintiff-Petitioner by demoting him. The Plaintiff-Petitioner seeks to be reinstated to his position as a Sergeant with the

Montgomery Fire Department, along with all the rights associated therewith, including back pay for the period of his demotion, attorneys fees pursuant to Title 42, Section 1988, and such other and different relief as this Court may deem appropriate under the circumstances.

## COUNT TWO
### Petition for a Writ of Certiorari
### Violation of Right to Equal Protection

28. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-27 of the Complaint of Petition as a part of this COUNT TWO, the same as if set out herein in full.

29. The Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and of the Constitution of Alabama 1901 have been violated, as well as his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

30. Under the prevailing circumstances, the Plaintiff-Petitioner is entitled to have a writ of certiorari issued to the Defendants-Respondents requiring them to reinstate the Plaintiff-Petitioner to his position as a Sergeant with the Montgomery Fire Department, along with all the rights associated therewith, including back pay for the period of his demotion, attorneys fees pursuant to Title 42, Section 1988, and such other and different relief as this Court may deem appropriate under the circumstances.

## COUNT THREE
### Petition for a Writ of Certiorari
### and Sufficiency of the Evidence

31. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-30 of the Complaint of Petition as a part of this COUNT THREE, the same as if set out herein in full.

32. The burden of the City of Montgomery, before the Personnel Board of the City and County of Montgomery, Alabama, was to establish that the Petitioner, Lee Hartwell, violated the rules and regulations of the Fire Department of the City of Montgomery and, therefore, was due to be demoted.

33. The City of Montgomery failed to establish that Lee Hartwell violated the rules and regulations of the Fire Department of the City of Montgomery, as he had been charged.

34. The evidence presented by the City of Montgomery before the Personnel Board of the City and County of Montgomery, Alabama, was insufficient to establish that the Petitioner had violated the rules and regulations of the City of Montgomery and was due to be demoted.

### COUNT FOUR
### Title 42, Section 1983

35. The Plaintiff-Petitioner adopts the allegations of Paragraphs 1-34 of the Complaint of Petition as a part of this COUNT FOUR, the same as if set out herein in full.

36. District Chief Kelly D. Gordon is sued in his individual capacity for actions that he took in violation of the constitutional rights of the Plaintiff, acting under color of law as the Supervisor within the Montgomery Fire Department.

37. The Defendant Kelly D. Gordon violated the constitutional rights of the Plaintiff Lee Hartwell, acting under color of law through his position as a District Chief of the Montgomery Fire Department.

38. The Defendant Kelly D. Gordon retaliated against the Plaintiff Lee Hartwell, disciplined him, and recommended him for demotion because Plaintiff Lee Hartwell had previously exercised his First Amendment rights to Freedom of Speech and filed a grievance within the Montgomery Fire Department because the Defendant Kelly D. Gordon had a tattoo that was offensive to him and in his opinion, violated Fire Department policy as to tattoos.

39. The tattoo of a Confederate Battle Flag with a human skull within it was offensive to Plaintiff Lee Hartwell and other African-American Firefighters.

40. It was not a requirement of Plaintiff Lee Hartwell's job to object to the tattoo and he was not acting within the scope of his position as a Firefighter with the Montgomery Fire Department when he filed his Complaint.

41. The Complaint concerning the subject of the tattoo was a matter of public concern and in fact, the City of Montgomery has removed the Confederate Battle Flag from the City Seal, as it is offensive to a large number of residents of the City.

42. At the time that Plaintiff Lee Hartwell filed his Complaint, District Chief Kelly D. Gordon was a Firefighter just as the Plaintiff Lee Hartwell.

43. Subsequent to that time, Kelly D. Gordon was continuously promoted through the Fire Department and became a District Chief. As soon as he became a District Chief and was in a position to discipline and effect conditions of employment of Plaintiff Lee Hartwell, he began to retaliate against the Plaintiff and ultimately caused him to be demoted.

44. At the time of the actions taken by the Defendant District Chief Kelly D. Gordon, the law was clearly established that it would violate the constitutional rights of the Plaintiff to subject him to punishment, discipline, and demotion because he had complained about what in his opinion was an offensive tattoo contrary to the City of Montgomery's Tattoo Policy.

The Plaintiff seeks damages both compensatory and punitive in an amount in excess of the jurisdictional limits of this Court along with attorney's fees and costs pursuant to Title 42, Section 1988 and such other and further relief as the Court shall deem fit and proper under the circumstances.

/s/ J. Bernard Brannan, Jr.
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for Plaintiff Lee Hartwell

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598  facsimile