## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

LEE HARTWELL,              )   Case No.: 2:06-CV-518
      Plaintiff,         )
     vs.               )   **AFFIDAVIT OF DISTRICT FIRE CHIEF**
THE CITY OF MONTGOMERY and THE   )   **KELLY GORDON**
PERSONNEL BOARD FOR THE CITY AND )
COUNTY OF MONTGOMERY, and KELLY )
GORDON                )
      Defendants.       )
                     )
                     )
                     )
                     )
                     )

STATE OF ALABAMA

COUNTY OF MONTGOMERY

In person appeared before the undersigned officer, duly authorized to administer oaths, District Fire Chief Kelly Gordon, who, after being duly sworn, states under oath as follows:

1.      I have read and reviewed the two August 7, 2005 memos, August 16, 2005 memo and August 19, 2005 memo, all were written by me, and all are attached hereto. I adopt these memos as my sworn statements by reference as if fully set out herein.

2.      On August 4, 2005 the City experienced an acute manpower shortage within the department. This shortage led to the need to hire overtime employees and Lee Hartwell volunteered for the assignment.

3.      Lee Hartwell claimed to have become sick and went home during this overtime shift.

4.    Later, it was brought to my attention that Captain Burkette called Lieutenant Adams to inform him that Hartwell would not be reporting for duty.

5.    Statements that were made by other officers were brought to my attention regarding Hartwell not being sick as he had previously stated.  Upon his return to work I asked Hartwell to provide a copy of his return to work slip from the doctor to ensure he was fit for duty.  Hartwell refused.  I advised that it was a direct order, and Hartwell again refused.

6.    On August 18, 2005, I counseled Hartwell for violating Rule 1101 of the Montgomery Fire Department Rules and Regulations which prohibits a fireman from using false statements after he delivered a memo to District Chief Walker comparing me to the Klu Klux Klan, skin heads, and other racist hate groups.

7.    Firefighters are required to follow the chain of command in issuing complaints.  If the officer about whom they are complaining is the next highest ranking officer, they are permitted to bypass that particular officer.

8.    I make this affidavit on personal knowledge and swear and affirm that the facts set out are true and correct as they are represented.

9.    Further, the affiant saith not.


District Fire Chief Kelly Gordon

STATE OF ALABAMA

COUNTY OF MONTGOMERY

     I, the undersigned notary public in and for said county in said state, hereby certify that District Fire Chief Kelly Gordon, whose name is signed to the foregoing affidavit, and who is known to me, after being fully informed of the contents of the instrument, signed and executed the same voluntarily after first being duly sworn by me on the date set forth below.

     GIVEN under my hand and official seal, this ___5th___ day of ___January___, 2007.

_____
NOTARY PUBLIC

My Commission Expires:___10/16/09___

TO:    M.W. Green, Assistant Fire Chief

FROM: K.D. Gordon, District Fire Chief

DATE: August 7, 2005

RE:    Sergeant L.M. Hartwell

Sir:

On August 4, 2005 Captain S.D. Burkette was assigned to District II Car 32. District II was low on manpower. Captain Burkette hired Sergeant Hartwell to work 24 hours. At approximately 1200 hours Sergeant Hartwell approached Captain Burkette telling him he was going home because he was sick. Captain Burkette acknowledged and made arrangements to cover the manpower shortage.

After Sergeant Hartwell had left the station Captain Burkette received information that led him to believe he had been deceived by Sergeant Hartwell. Personnel from Truck 45 stated, "Sergeant Hartwell said if he was detailed to Truck 45 he would go home on sick leave".

Letters from everyone involved are attached including a Form 30 on Sgt. Hartwell.

Respectfully,

K.D. Gordon, District Fire Chief
Station 13, District II

To:      M.W. Green, Assistant Fire Chief

FROM:  K.D.Gordon, District Fire Chief

DATE:  August 7, 2005

RE:      Sergeant L.M. Hartwell

Sir:

On August 7, 2005 I was meeting with Captain D.W. Wallace and Sergeant L.M. Hartwell regarding Sergeant Hartwell leaving work before the end of the shift. Sergeant Hartwell was asked to explain what had happened on August 4, 2005 causing him to leave work sick.

Sergeant Hartwell explained he had eaten some bologna and it made him sick at his stomach and he had to go home on sick leave. He stated, "I even went to Pri-Med when I left work". I told him great! All you have to do is bring me an excuse from Pri-Med and we can resolve this whole thing. He stated, "No, I have been advised not to bring an excuse because; I was not on sick leave it was not my regular work day". I made sure he understood this was not a request it was a directive. He stated a second time,     "No, I was advised not to". I turned to Captain Wallace and asked for letters from everyone involved.

Respectfully,

*[signature]*

K.D. Gordon, District Fire Chief
Station 13, District II

*[handwritten signature/date]*

TO:    C.E. Walker, Assistant Fire Chief

FROM:  K.D. Gordon, District Fire Chief  *7 S.D. G.*

DATE:  August 16, 2005

RE:    Sergeant L.M. Hartwell (Sick Leave Excuse Letter)

Sir:

On August 16, 2005 several letters were turned over to you from Sergeant L.M. Hartwell. One section of his letter charges me with bias towards him and using every opportunity to capitalize on that bias. This is totally fabricated and I am charging him with the following rule violation:  Montgomery Fire Department Rules and Regulations Section 1101 Members shall refrain from false statements.

Sergeant Hartwell states in his letter, "D/C Gordon has always been biased toward me". "I feel as though D/C Gordon will take advantage of any opportunity he has toward using his authority in a bias way toward me". Sergeant Hartwell has no basis for this statement. Sergeant Hartwell charges me with threatening to write him up for being on 271-5965 and letting other people use the line without question. This is totally fabricated.

The district chief is charged with completing the roster each morning. From 0700 until 0815 the district phone line is very busy with calls pertaining to the roster. On numerous occasions I answered the district phone line and it was for Sergeant Hartwell. He would get on the line and stay on it for extended times. I notified Lt. Stephens of the problem with the phone and told him to let his men know that 271-5965 was for the district chief and they were not to receive or call anyone on that line. If a call comes in on that line have the person call them back on another line.

Sergeant Hartwell does not respond well to counseling oral or written. His history has shown that when he is corrected for unacceptable behavior. He responds by breaking the chain of command and sending letters to the Assistant Chief or the Deputy Chief with charges against his officers.

When assigned to Station 2 Captain David Norman gave him an order not to wash his car on weekdays and he defiantly continued to wash the car during the week. When Captain Norman reprimanded him, he immediately sent letters downtown stating rules being broken by Captain Norman.

When assigned to Station 16 Sergeant Hartwell was made to give up his quarters across the engine room and sleep in the quarters with the other men. Sergeant Hartwell did not agree with this order. He immediately broke the chain of command and sent Chief Walker a letter stating the rules that Lt. E.F. Gamble was breaking. Chief Walker found the accusations to have no merit.

Sergeant Hartwell has a letter of reprimand in his file for refusing to make coffee when he was assigned to the Rehab van. He was told by Lt. Shaw and he just refused. This is just another example of his defiance of authority.

Sergeant Hartwell has been transferred several times in his career because of altercations between him and other men at the station. He was transferred from Station 6 for an altercation between Firefighter Brown, he was transferred from Station 2 for and altercation between him and Firefighter Coleman, Firefighter Martin was transferred from Station 16 for the same reason.

Prior to him being transferred to Station 13 I had a discussion between Chief Walker and Chief Jordan. It was agreed that every time Sergeant Hartwell did not perform his job to the standards of The Montgomery Fire Depart or he violates a rule he tries to shift the blame to his officer or the person correcting his behavior. It was agreed upon to send him to Station 13 so the District Chiefs could keep an eye on him. And if he continued his behavior we would take corrective action because as District Chiefs we are not afraid of him filing charge on us. Sergeant Hartwell has done exactly what we said he would.

It is time to stop all this nonsense coming from Sergeant Hartwell. In his letter he states over and over how I do not have the authority to require him to do his job. Example: Chief Gordon does not have the authority to tell me to bring an excuse. Captain Burkette should have counseled with me not Chief Gordon, Chief Gordon does not have the authority to hold me after 0800 hours except for man power shortage. According to his letter I have been abusing my authority. This is absolutely not true.

After carefully reading all of Sergeant Hartwell's letters and his file it is clear he has a defiant nature towards authority. It is time to take corrective actions regarding his behavior and absolute defiance of authority. If his behavior is not corrected it will have a negative effect on the department. Others will see his disregard for authority and no officer will be effective in day to day operations at the station or on the fire ground.

Sergeant Hartwell willfully defies authority figures and something must be done.

Respectfully,

K.D. Gordon, District Fire Chief
Station 13, District II

TO:      C.E. Walker, Assistant Fire Chief

FROM:  K.D. Gordon, District Fire Chief

DATE:  August 19, 2005

RE:      Compliance with Master Letter File #8-4 (Tattoo/Brand and Body Piercing)

Sir:

This letter is in response to a complaint from Sergeant L.M. Hartwell dated August 17, 2005 and titled, "Body Tattoo". He charged me with violating Master letter #8-4.

Sergeant Hartwell has recently received counseling for violating rules set by the Montgomery Fire Department and The Personnel Board. This is an attempt to lesson the severity of his rule violations.

In September 1999 I was assigned to the Division of Training. J.W. McKee was Fire Chief and Ronnie Howard was Deputy Fire Chief. Chief Howard notified me of a complaint made by Firefighter L.M. Hartwell and Troy Harris pertaining to the Tattoo Policy. The Policy had only been in effect for about two days. Chief Howard directed me to come to his office in order to address this complaint. I went directly to his office.

Chief Howard said he received a complaint from L.M. Hartwell and Troy Harris regarding the tattoo of a confederate flag on my right arm. He said they were offended by it and requested action be taken. Chief Howard said he was designated by Chief McKee as his representative to make a decision on the complaint. He reviewed the policy with me and asked numerous questions regarding the tattoo. In conclusion he said there was no problem and if he needed anything else he would let me know. I told him, "If you require me to have it removed, I will make the appointment today".

Nothing else has been said by anyone until now, six years later. I feel this complaint is in direct response to Sergeant Hartwell's recent written reprimand for disobeying an order.

Attached is a picture of the visible tattoo while in a short sleeve uniform. The same uniform Sergeant Hartwell states I proudly display the tattoo. This is another case of Sergeant Hartwell making false statements.

Sergeant Hartwell states in his complaint, "D/C Gordon's actions within the fire department with personnel in the past, coupled with the confederate flag on his arm only opens up the subject of whether he is prejudice. This is a blind statement and I challenge anyone to investigate this allegation and show prejudice.

I am requesting a copy of this letter along with his complaint letter be attached to the Form 30 regarding him making false statements.

I am in compliance with Master Letter File 8-4 as of September 1999 only a few days after the policy was implemented. This was ruled by Deputy Chief Howard the representative of Fire Chief McKee.

If the decision is overturned I will do what is necessary to comply with the ruling.

Respectfully,

K.D. Gordon, District Fire Chief
Station 13, District II