IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| LEE HARTWELL,<br>      Plaintiff,<br>vs.<br>THE CITY OF MONTGOMERY and THE PERSONNEL BOARD FOR THE CITY AND COUNTY OF MONTGOMERY, and KELLY GORDON<br>      Defendants. | Case No.: 2:06-CV-518<br><br>**AFFIDAVIT OF ASSITANT FIRE CHIEF CARL WALKER** |

STATE OF ALABAMA

COUNTY OF MONTGOMERY

In person appeared before the undersigned officer, duly authorized to administer oaths, Assistant Fire Chief Carl Walker, who, after being duly sworn, states under oath as follows:

1. I have read and reviewed the August 22, 2005 memo and the August 17, 2004 memo, both written by me, and both of which are attached hereto. I adopt these memos as my sworn statements by reference as if fully set out herein.

2. I make this affidavit on personal knowledge and swear and affirm that the facts set out are true and correct as they are represented.

3. Further, the affiant saith not.

_____
Assistant Fire Chief Carl Walker

STATE OF ALABAMA

COUNTY OF MONTGOMERY

    I, the undersigned notary public in and for said county in said state, hereby certify that Assistant Fire Chief Carl Walker, whose name is signed to the foregoing affidavit, and who is known to me, after being fully informed of the contents of the instrument, signed and executed the same voluntarily after first being duly sworn by me on the date set forth below.

    GIVEN under my hand and official seal, this 5th day of January, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 10/16/09

TO:       M. Jordan, Deputy Fire Chief

FROM:     C. E. Walker, Assistant Fire Chief

DATE:     August 22, 2005

RE:       Recommendation for Disciplinary Action
          Sergeant L. M. Hartwell

Sir:

Sergeant L. M. Hartwell is being charged with rule violations of the Montgomery Fire Department. I am forwarding this letter of Recommendation for disciplinary actions to you for your consideration. The recommendation for disciplinary action is based upon a chain of events involving Sgt. Hartwell; the first being a claim of being sick, secondly refusing to bring a return to duty doctor's certificate, thirdly, violating the Chain of Command through written communications, fourth, making false statements claiming bias and mistreatment by District Chief K. Gordon and finally the claim of the deliberate display of the confederate flag tattooed on District Chief Gordon's right arm.

On the afternoon of August 4, 2005, while working overtime, Sgt. Lee Hartwell of Engine Company 13 reported to the Acting District Supervisor, Captain S. D.Burkett, that he was sick and needed to go home. He was allowed to leave work on the statements that he was sick. On the morning of August 7, D/C Kelly Gordon, following up on statements made at the drill field on Thursday, August 4, by Sgt. Hartwell, stating that if he had to go spend the remainder of the shift at Station 3 riding on Truck 45 that he would go home on sick leave (See written statements by Truck 45 and Engine 13 personnel), D/C Gordon asked Sgt. Hartwell that upon returning to duty on his next shift, August 10, he bring a doctor's return to work certificate. Sgt. Hartwell had already told D/C Gordon that he went to the doctor for his illness when he left work on Thursday August 4th. Sgt. Hartwell's reply was: "No, I have been advised not to bring an excuse because I was not on sick leave, it was not my regular work day." D/C Gordon gave him the directive a second time and Sgt. Hartwell again replied: "No, I was advised not to." (See Capt. Wallace's letter). D/C Gordon wrote an employee counseling record on Sgt. Hartwell for refusing his directive on the doctor's excuse.

On August 7th, 2005, Sgt. Hartwell wrote me a letter stating the events that occurred on August 4th, 2005 while working overtime. On August 16th, 2005, Sgt. Hartwell was given an Employee Counseling Record for violating the department Chain of Command policy. I have given Sgt. Hartwell clear instructions on using the proper Chain of Command when addressing any issue involving Fire Department business. Montgomery Fire Department rule book sec.963 outlines the Proper Interdepartmental Communication procedure. (See sec.963 in rule book and memo's dated August 17th, 2004, September 20th, 2004 and September 28th, 2004). Sgt. Hartwell has continued to violate the Chain of Command on written documentation.

On September 25th, 2004, Sgt. Hartwell was given a written Employee Appraisal Review Record document for Chain of Command violations by D/C John Petrey. (See Form 30b dated August 11th, 2004). Sgt. Hartwell has no regard for the Chain of Command and he has been given verbal warnings on several occasions other than the letter documents. D/C M. K. Holland has also given directives to Sgt. Hartwell about his written documents that violate Chain of Command written to me and once again he has refused to follow those directives. (See letters dated August 14, 2004). All of these letters addressed to me and without regard or consideration of his company Officer or District Chief.

On August 10th, 2005, Sgt. Hartwell wrote a letter of documentation to his company Captain, D. W. Wallace, that D/C Gordon was "being biased against him." Sgt. Hartwell referred to three (3) separate incidents in an attempt to justify the allegations. (See Sgt. Hartwell's letter dated 08/10/05).

D/C Gordon has categorically denied the claims of this letter. The tactics of documenting false and erroneous information and frivolous allegations are common with Sgt. Hartwell as I have statements to his abusive allegations. (See letter from D/C J. Petrey to me dated August 26th, 2004). Please note in this letter the cunning and conniving attitude in which Sgt. Hartwell displays against one of his former Captains at station sixteen(John Dennis); Sgt. Hartwell states: "that is when I bluffed him and played the race card. I asked Captain Dennis if he was a racist even though I knew he was not." This blatant disrespect for his Captain came as a result of Captain Dennis denying Sgt. Hartwell the privilege of sleeping on the far side of the station at night away from the other members of the company. In the same time period Sgt. Hartwell refused to follow directives from Lt. Gamble involving the parking of his vehicle in a space that the company Captain had disallowed.

On August 17th, 2005, Sgt. Hartwell wrote a letter to his Captain, D. W. Wallace, claiming that D/C Gordon proudly displays a tattoo of the Confederate flag on his arm. (See letter dated August 17th, 2005 from Sgt. Hartwell). D/C Gordon has not displayed nor is he in violation of the Montgomery Fire Department Tattoo policy. (See Master Letter File # 8-4 titled : Tattoo/Brand and Body Piercing Policy dated September 3, 1999)

Proceeding further, in an attempt to summarize all of the violations of Sgt. Hartwell, it is clear to me that he is in defiance of any authority of any Fire Department Officer and will document unfounded claims of mistreatment, bias, false statements and has a complete lack of respect for company Officers and District Supervisors. Also, there is a blatant disregard for me as an Assistant Fire Chief with regards to his continued written communications to me. The rule that governs all is twisted by Sgt. Hartwell in an attempt to get things his way. His lack of respect for ranking Officers and the refusal to follow directives from me or those Officers will not be tolerated any longer. I am charging Sgt. L. M. Hartwell with the following rules violations:

Rule Violations: Sec. 1100, Explanation: The rules of conduct prescribed in this article shall be confined to the official capacity of members of the Montgomery Fire Department.
    a. When the actions or in-actions whether on duty or off duty may adversely affect the efficiency, discipline, reputation, or morale of the department.
    b. When in uniform whether on or off duty.
    c. When on property occupied or used by the Department.

Sec. 1101, Members shall:
    a. Adhere to the Chain of Command.
    m. Be just, impartial, firm and dignified in their relations with others.
    p. Refrain from immoral conduct, deception, violation or evasion of law or official rule, regulation or order.
    q. Refrain from false statements.
    t. Understand, be familiar with and obey the rules, regulations and training manuals and shall conduct themselves in a manner that will not reflect criticism on the department.

Sec. 1102, Members shall:

    h. Perform such extra details and duties as may be required beyond their regular hours of service to cope with any emergencies that may arise, i.e., large fires, manpower shortages, etc.
    i. Accord obedience and proper respect to Officers and acting Officers

Sec. 1103, Members shall not:

    g. Neglect or refuse to perform any duty or refuse to obey any order of a superior Officer pertaining to the department.

The Montgomery Fire Department has always been considered a paramilitary fire service organization. The department's aim of saving lives, fire prevention and extinguishment and conservation of property is dependent upon rigorous training, dedication to duty and a very stringent disciplined Chain of Command. It is imperative that in order to properly perform the duties and responsibilities that are required of this department an orderly Chain of Command must be in place at all times. Emergency situations involving the necessary actions to be taken to save lives or mitigate hazardous incidents almost always depends on the ability and quality of the orders given and the assurance that those orders are carried out. Sergeant Hartwell in the absence of his company Officer i.e., when he (the Officer) is on vacation, sick leave, or detailed to another company for a period of time will find himself (Hartwell) assuming the role of a company Officer giving orders and making sure they are being carried out.

When Sergeant Hartwell refuses to carry out orders given by his company Officers and District Chiefs, I am convinced that as a working supervisor he will be ineffective in

giving orders in that role jeopardizing the lives of firefighters and citizens of Montgomery when engaged in emergency situations.

After reviewing all the documents and going through extensive interviews with D/C Gordon and others, I am recommending that Sergeant Lee Marvin Hartwell be demoted from Sergeant/Engineer to Firefighter.

Your attention to this recommendation is greatly appreciated. If I can assist you further in this matter, please let me know.

MEMORANDUM

TO:     File

FROM:   Assistant Chief C.E.Walker

DATE:   August 17, 2004

RE:     Sergeant Lee M.Hartwell


After reviewing the three (3) letters addressed directly to me from Sergeant L.M.Hartwell dated August 14th 2004, I ask the District Chiefs in District Two to look into the claims and accusations at Fire Station Sixteen (see attached letters) and report back to me their findings.

On September 2, 2004 D/C John Petrey gave me a written letter outlining the events and details of Sergeant Hartwell's claims and contained in the documentation the accusations and claims from Sergeant Hartwell were settled and concluded by all the District Chiefs in district two.

Also, it's very important to note that these claims from Sergeant Hartwell did not warrant him addressing them directly to me. He should have followed the chain of command with his complaints and accusations. He was informed by the District Chiefs (Holland and Petrey) that in the future he will use the proper chain of command. As a Sergeant in the department Hartwell already knew the proper procedures for written communications. There have been other occasions where he has violated the chain of command in similar matters. It appears that this individual is deliberately being defiant of instructions in this regard. Any future circumventing of the chain of command from this Sergeant in this regard when it is not necessary will result in actions taken in the form of a written reprimand.