IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LEE HARTWELL, ) | | |
| IN HIS INDIVIDUAL CAPACITY, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | CIVIL ACTION NO. | |
| vs. ) | 2:06cv518-MHT | |
| ) | | |
| THE CITY OF MONTGOMERY, ) | | |
| ALABAMA, PERSONNEL ) | | |
| BOARD OF THE CITY AND ) | | |
| COUNTY OF MONTGOMERY, ) | | |
| ALABAMA, and DISTRICT CHIEF ) | | |
| KELLY D. GORDON, IN HIS ) | | |
| INDIVIDUAL CAPACITY, ) | | |
| ) | | |
| Defendants. ) | | |

RECEIVED 2007 JAN 26 A 9:53 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW the Plaintiff in the above styled action and in Opposition to the Defendant's Motion for Summary Judgement, would set forth the following:

In the Defendant's Motion for Summary Judgement, the Defendant District Chief Kelly D. Gordon asserts that he is protected by the defense of qualified immunity, but the defense of qualified immunity is an affirmative defense that must be plead and the Defendant District Chief Kelly D. Gordon has not filed an Answer in this action. Therefore, the Defendant District Chief Kelly D. Gordon has not plead qualified immunity.

The Defendant City of Montgomery filed an Answer to the First Amended Complaint on December 22, 2006, and did not set forth that their Answer was being filed for any other party, as the City of Montgomery set forth in the body of the Answer, "Comes Now the City of Montgomery in an Answer to the Complaint filed in the above captioned case and says as follows."

Under affirmative defenses and in its Answer the City of Montgomery set forth at Paragraph 1, "The City of Montgomery pleads the affirmative defense of qualified immunity." There is nothing in the City of Montgomery's Answer that sets forth anything about Defendant

District Chief Kelly D. Gordon. Qualified immunity is not a defense available to the City of Montgomery, as it is a defense for an individual sued personally, not a municipality. As an affirmative defense, it is not available to the Defendant District Chief Kelly D. Gordon, as he has not filed an Answer in this cause, has not raised the defense of qualified immunity, and his time for filing an Answer has passed. Moore v. Morgan et al., 922 F.2d 1553 (11th Cir.,1991)

In the event the Court allowed the Defendant to file a responsive pleading raising the affirmative defense of qualified immunity, that defense, under the facts of this case, would not be available to the Defendant District Chief Kelly D. Gordon in that the law has been clearly established since 1983 that a public employer may not retaliate against an employee for an employee's exercise of constitutionally protected speech. Rankin v. McPherson, 483 U.S. 378, 383 (1987) and Connick v. Myers 461 U.S. 138, 140-142 (1983)

There is a four (4) part test to determine whether or not the retaliatory action of District Chief Kelly D. Gordon and the City of Montgomery violated the Plaintiff's constitutional rights. The first part of that analysis is: Did the speech involve a matter of public concern? The Plaintiff in this cause, based upon his testimony and evidence of actions of the City of Montgomery removing the Confederate Battle Flag from the City Seal and from the uniforms of Firefighters and Police Officers, proved that his complaining about the Confederate Battle Flag with a skull and crossbones within it constituted a matter of public concern. When the City of Montgomery determined the Confederate Battle Flag should be removed from public display on uniforms, it became a matter of public concern.

The second part of that analysis is: Did the Plaintiff's free speech interest outweigh the employer's interest in effective and efficient fulfillment of its responsibilities? The Plaintiff has presented substantial evidence to establish that he was merely demanding that the City of Montgomery follow its own policy, which required offensive racial tattoos to be removed and covering them with clothing was insufficient. In this case, the City of Montgomery had no interest contrary to that of the Plaintiff's, in that the policy was established by the City of Montgomery. District Chief Kelly D. Gordon's tattoo violated the policy and there was no differing interests to be compared.

The third part of that analysis is: Did the speech play a substantial part in the adverse employment action? In this case, the Plaintiff had not been written up or disciplined for any

extent until after he had complained about District Chief Kelly D. Gordon's tattoo and Gordon rose up through the ranks to a position where he could discipline the Plaintiff. Once that occurred, he began to discipline the Plaintiff even to the point that within a matter of days he gave him three (3) counseling forms, which was sufficient to cause the Plaintiff to be denied his merit raise, which effected him adversely financially through the rest of his tenor with the Fire Department and will also effect him financially throughout his retirement, as his retirement is based upon his last annual compensation. District Chief Kelly D. Gordon undertook to discipline him when he was not on his shift. Gordon punished him for complaining about the Confederate Battle Flag.

Since the Plaintiff is able to establish the first three (3) points, the burden then should shift to the Defendants to establish that the adverse decisions taken against the Plaintiff would have occurred even if the Plaintiff had not complained about the tattoo.

It is apparent in this case that the Plaintiff was charged with doing things he did not do. He was not required to bring in a medical excuse based upon the policies of the City of Montgomery. He followed the Chain of Command as set out in the policies of the City of Montgomery. The fact that he has the opinion that an officer is biased is not a false statement, but merely a statement of what his opinion is. Since there was no justification for any of the charges against the Plaintiff, there can certainly be no evidence available to establish that the City of Montgomery would have presented charges against him that were not violations of policy had he not complained about District Chief Kelly D. Gordon's tattoo. <u>Cook v. Gwinnett County School District</u>, 414 F.3d 313 (11th Cir., 2005) Although procedurally Assistant Chief Carl Walker brought the charges, District Chief Kelly D. Gordon wrote him up and requested his demotion.

The Plaintiff has alleged a violation of his right to equal protection and such is a portion of the Plaintiff's Petition for Writ of Certiarori that was filed in the Montgomery County Circuit Court. Evidence was presented at the Personnel Board of a number of Firefighters who either filed memos up the chain of command exactly the way that the Plaintiff did or committed acts equal to or more egregious than what the Plaintiff was alleged to have committed, but were not disciplined or demoted. Some of these individuals were white males and one was a white female. This claim is advanced strictly in support of the Plaintiff's Petition for Writ of Certiarori to the Montgomery City-County Personnel Board and is not an action for damages.

The Plaintiff's only action for damages is Count IV, Title 42, Section 1983 and it is against the individual Defendant District Chief Kelly D. Gordon, who has not answered the Plaintiff's Complaint to date. In support of this Opposition to the Plaintiff's Motion for Summary Judgement, the Plaintiff would submit his Affidavit attached hereto and the exhibits referred to and incorporated within the Affidavit.

## Conclusion

The facts in this case are subject to extreme dispute. Summary Judgement is inappropriate and should be denied.

Respectfully submitted on this the 25th day of January, 2007.

_____
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff Lee Hartwell

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598  facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 25th day of January, 2007:

Wallace D. Mills
Attorney for the City of Montgomery
Legal Department
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111
TEL: (334) 241-2050

Robert D. Segall
Attorney for the City-County of Montgomery Personnel Department
Post Office Box 347
Montgomery, Alabama 36101
TEL: (334) 834-1180

_____
OF COUNSEL