IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LEE HARTWELL, ) | |
| IN HIS INDIVIDUAL CAPACITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:06cv518-MHT |
| ) | |
| THE CITY OF MONTGOMERY, ) | |
| ALABAMA, PERSONNEL ) | |
| BOARD OF THE CITY AND ) | |
| COUNTY OF MONTGOMERY, ) | |
| ALABAMA, and DISTRICT CHIEF ) | |
| KELLY D. GORDON, IN HIS ) | |
| INDIVIDUAL CAPACITY, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STRIKE AFFIDAVIT TESTIMONY

COMES NOW the Plaintiff in the above styled action and moves the Court to strike those portions of Assistant Fire Chief Carl Walker's Affidavit, as statements within that Affidavit and the memos that are attached and attempted to be incorporated within contain blatant hearsay. The Defendant signing the Affidavit gives information that he does not have personal knowledge of and that is in violation of Rule 802, *Federal Rules of Evidence*.

1. In the August 22, 2005, memo Assistant Fire Chief Carl Walker relies completely on hearsay statements in Paragraph 2 in its entirety, as none of the information set forth there is from the personal knowledge of Assistant Fire Chief Carl Walker and all of that information is hearsay and inadmissable based upon Rule 802, *Federal Rules of Evidence*.

2. Paragraph 4 of the Affidavit is also entirely hearsay and inadmissable based upon Rule 802, *Federal Rules of Evidence*.

3. At Paragraph 6, Assistant Fire Chief Carl Walker relies completely on hearsay statements, which are inadmissable. The statement, "That is when I bluffed him

and played the race card. I asked Captain Dennis if he was a racist, even though I knew he was not," was not a statement that was made and even the Defendants allegations do not claim that it was made to Assistant Fire Chief Carl Walker. That paragraph in its entirety is inadmissable based upon Rule 802, *Federal Rules of Evidence.*

4. The August 17, 2004, memo, which Assistant Fire Chief Carl Walker attempts to incorporate within his Affidavit, contains extensive amounts of blatant hearsay, which is inadmissable in this cause pursuant to Rule 802, *Federal Rules of Evidence*. In Paragraph 2, Assistant Fire Chief Carl Walker refers to statements made by District Chief John Petry.

5. Paragraph 3 of the August 17, 2004, memo relates what Hartwell was informed by District Chiefs and there is no statement that such was made within the presence of Assistant Fire Chief Carl Walker. His statements as to what other District Chiefs might have said to Plaintiff Hartwell could only be based upon hearsay and inadmissable.

The sections pointed out in the Affidavit and the memos attempted to be incorporated within the Affidavit are inadmissable and a Motion to Strike should be granted to the Plaintiff for each of those sections.

Respectfully submitted on this the 25th day of January, 2007.

J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff Lee Hartwell

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598  facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 25th day of January, 2007:

Wallace D. Mills
Attorney for the City of Montgomery
Legal Department
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111
TEL: (334) 241-2050

Robert D. Segall
Attorney for the City-County of Montgomery Personnel Department
Post Office Box 347
Montgomery, Alabama 36101
TEL: (334) 834-1180

_____
OF COUNSEL