IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED

2007 JAN 2b  A  9: 53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LEE HARTWELL,<br>IN HIS INDIVIDUAL CAPACITY,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF MONTGOMERY,<br>ALABAMA, PERSONNEL<br>BOARD OF THE CITY AND<br>COUNTY OF MONTGOMERY,<br>ALABAMA, and DISTRICT CHIEF<br>KELLY D. GORDON, IN HIS<br>INDIVIDUAL CAPACITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>2:06cv518-MHT |

## MOTION TO STRIKE AFFIDAVIT TESTIMONY

COMES NOW the Plaintiff in the above styled action and moves the Court to strike those portions of the Defendant District Chief Kelly D. Gordon's Affidavit, as statements within that Affidavit and the memos that are attached and attempted to be incorporated within contain blatant hearsay. The Defendant signing the Affidavit gives information that he does not have personal knowledge of and that is in violation of Rule 802, *Federal Rules of Evidence*.

1.  The Defendant states at Paragraph 3, "Lee Hartwell claimed to have become sick and went home during this overtime shift." Paragraph 5 states, " Statements that were made by other officers were brought to my attention regarding Hartwell not being sick as he had previously stated." That statement is hearsay and inadmissable pursuant to Rule 802, *Federal Rules of Evidence*.

2.  In his Affidavit, he further states at Paragraph 6, "...after he delivered a memo to District Chief Walker comparing me to the Ku Klux Klan, Skinheads, and other racist hate groups." and such is not from the personal knowledge of the Defendant, in that he does not have personal knowledge of the delivery of any

memo to District Chief Walker and in fact, the Plaintiff did not deliver a memo to District Chief Walker.

3.      The August 7, 2005, memo, which the Defendant District Chief Kelly D. Gordon attempts to incorporate into his Affidavit, contains blatant hearsay and is inadmissable, in that the Defendant is not giving the information from his own personal knowledge, but is dependent upon what he was told by others.

4.      At Paragraph 5, the Defendant District Chief Kelly D. Gordon attempts to incorporate into his Affidavit the August 16, 2005, memo in which the Defendant states facts that concern Captain David Norman, of which he does not have a personal knowledge. His statement is inadmissable hearsay.

5.      At Paragraph 6, the Defendant District Chief Kelly D. Gordon relates information that is not from his personal knowledge, but rather is hearsay.

6.      At Paragraph 7, the Defendant District Chief Kelly D. Gordon also provides information that is hearsay and not from his personal knowledge.

7.      At Paragraph 8, the Defendant District Chief Kelly D. Gordon relates information that he had to have received from others, which is hearsay and inadmissable based upon *Federal Rules of Evidence*, Rule 802.

The sections pointed out in the Affidavit and the memos attempted to be incorporated within the Affidavit are inadmissable and a Motion to Strike should be granted to the Plaintiff for each of those sections.

Respectfully submitted on this the 25th day of January, 2007.

_____
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff Lee Hartwell

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598  facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the ___25th___ day of January, 2007:

Wallace D. Mills
Attorney for the City of Montgomery
Legal Department
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111
TEL: (334) 241-2050

Robert D. Segall
Attorney for the City-County of Montgomery Personnel Department
Post Office Box 347
Montgomery, Alabama 36101
TEL: (334) 834-1180

OF COUNSEL