# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | |
|---|---|
| LEE HARTWELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE CITY OF MONTGOMERY and THE PERSONNEL BOARD FOR THE CITY AND COUNTY OF MONTGOMERY, and KELLY GORDON<br><br>        Defendants. | ) Case No.: 2:06-CV-518<br>)<br>) **CITY OF MONTGOMERY'S, KELLY**<br>) **GORDON'S, and MONTGOMERY CITY**<br>) **COUNTY PERSONNEL BOARD'S**<br>) **RESPONSE TO MOTION TO STRIKE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COME NOW the city of Montgomery, Kelly Gordon, and the Montgomery City County Personnel Board, and in response to the plaintiff's motion to strike portions of affidavit testimony of District Chief Kelly D. Gordon, say as follows:

    1.  Plaintiff has moved to strike paragraph three and paragraph five of Gordon's affidavit on the basis that the statements are hearsay.  Paragraph three states that "Lee Hartwell claimed to have become sick and went home during this overtime shift." Doc. 15, Gordon Affidavit, item 3. The statement is not hearsay because it is not offered to prove the truth of Hartwell's claim.  It is immaterial whether or not he was sick.  The statement is offered to show that he left work and went home, and to show that Gordon was put on notice that he may have been sick; something that would be admissible if testified to by Gordon—who was Hartwell's immediate supervisor—at trial.  The Eleventh Circuit, when addressing the admissibility of verbal acts, said that

> In Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250 (5th Cir.1980), we recognized that an "out-of-court utterance must have two characteristics before it is rendered inadmissible as hearsay: It must be a 'statement'-that is a verbal assertion or conduct intended as an assertion, Fed.R.Evid. 801(a)-and it must be offered to prove the truth of the matter it asserts···· Thus, excluded from the hearsay rule is verbal or nonverbal

> 'conduct when it is offered as a basis for inferring something
> *other* than the matter asserted.' " *Id.* at 262 (citations omitted)
> (emphasis in original). Consequently, an utterance may be
> admitted to show the effect it has on a hearer, 4 Weinstein &
> Berger, *Weinstein's Evidence* ¶ 801(c)[01], at 801-77 (1979). Such
> verbal acts are not in the first instance assertive statements and not
> offered to prove the truth of the matter asserted.

United States v. Cruz, 805 F.2d 1464, 1477-1478 (11th Cir.1986). In this instance, as with most

of the instances raised by Plaintiff in his motion to strike, the statement regarding Hartwell's

claim to having been sick is not offered to prove that assertion.

The same applies to Plaintiff's objection to paragraph five. That paragraph of the

affidavit states that "Statements that were made by other officers were brought to my attention

regarding Hartwell not being sick as he had previously stated." Doc. No. 15, Gordon Affidavit,

item 5. This statement is not offered to prove the truth of the assertions of those officers, but to

show how those statements affected Gordon's state of mind; that it put him on notice that

Hartwell may not, indeed, have been sick. In other words, it is offered to show what prompted

Gordon to investigate whether or not Hartwell had violated department regulations when he went

home during the shift.

2. Plaintiff also objects to paragraph six of the affidavit which says as follows:

> On August 18, 2005, I counseled Hartwell for violating Rule 1101
> of the Montgomery Fire Department Rules and Regulations which
> prohibits a fireman from using false statements after he delivered a
> memo to District Chief Walker comparing me to the Klu Klux
> Klan, skin heads, and other racist hate groups.

Doc. No. 15, item 6.

The objected-to portion of that statement is the assertion that the memo referenced

compared Gordon to hate groups. In this case, the statement itself is the subject of the alleged

free speech retaliation and central to the case. The substance of the statement is at the heart of

this case, not for whether or not the allegation is true, but for what Hartwell alleged and whether

or not it was sufficiently a matter of public concern to invoke free speech protection.  This statement, again, is not offered to prove the truth of it, but to show a verbal act.

Furthermore, the statement, having been made by the plaintiff, is an admission by a party-opponent and not hearsay according to 801(d)(2) Fed.R.Evid.

3.  It is unclear exactly which objection is being made in item three of Plaintiff's motion to strike.  First, he references "the August 7, 2005 memo."  There are two such memos attached to Gordon's affidavit, and the plaintiff fails to distinguish which memo it is he wishes to attack. Second, he mentions that the memo contains "blatant hearsay . . . in that the Defendant [sic] is not giving the information from his own personal knowledge, but is dependent upon what he was told by others."  Doc. No. 19, item 3.  A statement is not hearsay merely because the knowledge upon which it is based was procured from other people, it must be an out of court statement offered to prove the truth of that statement. 801(c) Fed.R.Evid.  As to the allegation that it was not based upon personal knowledge, the same applies: knowledge can be personal despite the fact that it was procured from other sources, especially where the person with the knowledge is the supervisor of the person about whom he is speaking and has access to his personnel file.

The second of the two August 7th memos simply recites Hartwell's responses to Gordon's inquiries about whether he had been sick and, as such, are admissions by a party opponent and, therefore, not hearsay. 801(d)(2) Fed.R.Evid.  The first memo does contain information obtained from other sources, but the only part of that memo which is a statement that could be regarded as hearsay is the last sentence of the second paragraph; a statement from "personnel from Truck 45" about what Hartwell said on August 4, 2005.  Doc. No. 15, 2d August 7 memo, Gordon Affidavit.  Since the subject statement is not material to the issues before the court, the defendants have no objection to that sentence being stricken.

4.  The fifth paragraph of the August 16, 2005 memo, to which plaintiff objects as being hearsay, is only offered to support the proposition that Hartwell had made complaints about

superiors by whom he had been reprimanded in the past.  Nothing about Capt. David Norman's statements is offered to prove the truth of the matter they assert.  Nothing else about that paragraph is material to this case.

5.  Paragraphs six, seven and eight of the August 16, 2005 memo have no probative value to the Motion for Summary Judgment which is not set forth elsewhere and, the defendants have no objection to their being stricken.

Respectfully submitted,


/s/ Wallace D. Mills
Wallace D. Mills (MIL 090),
Attorney for the City of Montgomery


OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310


/s/ Robert D. Segall
Attorney for Montgomery
City County Personnel Board


OF COUNSEL:
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180


## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Bernard Brannan, Jr., Esq.
P.O. Box 307
Montgomery, AL 36101

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:


/s/ Wallace D. Mills
OF COUNSEL