**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| LEE HARTWELL, ) | Case No.: 2:06-CV-518 |
| Plaintiff, ) | **CITY OF MONTGOMERY'S, KELLY GORDON'S, and MONTGOMERY CITY COUNTY PERSONNEL BOARD'S RESPONSE TO MOTION TO STRIKE** |
| vs. ) | |
| THE CITY OF MONTGOMERY and THE PERSONNEL BOARD FOR THE CITY AND COUNTY OF MONTGOMERY, and KELLY GORDON ) | |
| Defendants. ) | |

COME NOW the city of Montgomery, Kelly Gordon, and the Montgomery City County Personnel Board, and in response to the plaintiff's motion to strike portions of affidavit testimony of Assistant Fire Chief Carl Walker, say as follows:

1. Plaintiff moves to strike paragraph two of the August 22, 2005 memo attached to the affidavit of Carl Walker on the basis that the information in the paragraph "relies completely on hearsay statements." Doc. 18, item 1. Since none of the information in the said paragraph two is offered "in evidence to prove the truth of the matter asserted," the information is not excludable hearsay within the definition of the rule. 801(c) Fed.R.Ev. The statements in paragraph two contain merely precursory information which is intended to show how the events affected Assistant Chief Walker's state of mind. The point is not whether or not Hartwell was or was not sick on August 4, 2005, or what he said to Gordon in response to a direct order (that information is admissible through the testimony of Gordon as an admission of a party opponent). The point is that Walker, as Hartwell's division commander, knew that Hartwell had been disciplined by Gordon for refusing an order. For the purposes of making the affidavit, Walker did have personal knowledge of the events by way of his being Hartwell's ultimate supervisor, regardless

of how the information came to him. Besides, the plaintiff offers nothing beyond his conclusory statement to rebut Walker's assertion—by way of affidavit testimony—that he did have personal knowledge of the facts set forth therein.

    2. As to paragraph four of the August 22, 2005 memo, there is no statement within that paragraph that can be said to be hearsay. Doc. No. 15, Walker Affidavit. Each of the statements is an assertion of fact made by Carl Walker outlining the progressive discipline that the department had been through with Hartwell. The paragraph contains no statements "other than one[s] made by the declarant while testifying." 801(c) Fed.R.Evid. In the affidavit, Walker explicitly adopts and incorporates his earlier statements as his current testimony so that the statements, though made by him earlier, are re-stated by him in the affidavit. There are no third party statements contained in the paragraph.

    3. Paragraph six is offered only to show that Hartwell has a history of making allegations against his superiors similar to the one made against District Chief Gordon. Doc. No. 15, Walker Affidavit. Nothing else contained in that paragraph is material to the issues now before the court on summary judgment. Since the statements which the plaintiff argues rely upon hearsay are not material to the issues at bar, the said statements are not offered to prove the truth of the matter asserted therein, but to show that Hartwell had made complaints of this nature before. While Plaintiff is correct in his argument that the statements in the paragraph are not subject to one of the hearsay exclusions contained in Rule 802, it is of no consequence, because the statements are not *inadmissible* under Rule 801 in the first place. 801 Fed.R.Evid.

    4. Plaintiff alleges that the August 17, 2004 memo attached to and incorporated into Walker's affidavit "contains extensive amounts of blatant hearsay," and that "in paragraph 2, Assistant Fire Chief Carl Walker refers to statements made by District Chief John Petrey." Doc. 18, item 4. While the second paragraph refers to a letter written by John Petrey, there is no statement included in paragraph two which was made by Petrey, and none of the substance of

that letter is referred to.  Paragraph two merely states that the letter "outlin[ed] the events and details of Sergeant Hartwell's claims and contained in the documentation the accusations and claims from Sergeant Hartwell were settled."  Doc. No. 15, Walker Affidavit, August 17, 2004 memo.  The statement is a first hand description of the letter itself without comment on the merits or substance of the letter.  In fact, the entire memo is best described that way.  Hearsay is "a statement, other than one made by the declarant, while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  801(c) Fed.R.Evid.  There is no statement contained in the memo which was made by anyone other than Carl Walker, and, except for the statement regarding John Petrey having instructed Hartwell to use the proper chain of command, none of the statements are offered to prove the truth of anything other than exactly what Walker says: that Hartwell had done this before; that he had been warned not to; and that he would be disciplined if he continued to do it in the future.

     5.  As for Petrey's having instructed Hartwell to use the proper chain of command, the statement is offered to show the verbal act itself (i.e. that Hartwell was warned), not to prove the truth of the statement made to Hartwell.  As Hartwell's supervisor, and the person who recommended Hartwell for the discipline complained of in the lawsuit, Walker's testimony as to why he recommended the discipline (i.e. his state of mind) and what influenced him to do so would be admissible at trial.

     The affidavits are submitted for the purpose of creating a prima facie case on a very limited set of facts.  While some of the information in the memos could, under the right circumstances, be excluded as hearsay, they are included in the affidavits, for the most part, to show Carl Walker's state of mind at or near the time when the events in question took place, not to prove the truth of the matter asserted in the bulk of the statements.

     Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090),
Attorney for the city of Montgomery and
Kelly Gordon

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

/s/ Robert D. Segall
Attorney for Montgomery
City County Personnel Board

OF COUNSEL:
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Bernard Brannan, Jr., Esq.
P.O. Box 307
Montgomery, AL 36101

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

/s/ Wallace D. Mills
OF COUNSEL