**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| LEE HARTWELL, | ) Case No.: 2:06-CV-518 |
| | ) |
| Plaintiff, | ) **PRETRIAL ORDER** |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF MONTGOMERY and THE | ) |
| PERSONNEL BOARD FOR THE CITY AND | ) |
| COUNTY OF MONTGOMERY, and KELLY | ) |
| GORDON | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

This cause coming on to be heard on a regular pretrial hearing on April 5, 2007, in Montgomery, Alabama, wherein the following proceedings were held and actions taken:

1.    PARTIES AND TRIAL COUNSEL:

      For Defendants city of Montgomery and Kelly Gordon:      Wallace D. Mills

      For Defendant Montgomery City-County Personnel Board:  Robert D. Segall

      For Plaintiff:        J. Bernard Brannan, Jr.

      COUNSEL APPEARING AT PRETRIAL HEARING:

      For Defendants city of Montgomery and Kelly Gordon:      Wallace D. Mills

      For Defendant Montgomery City-County Personnel Board:  Robert D. Segall

      For Plaintiff:        J. Bernard Brannan, Jr.

2.    JURISDICTION AND VENUE:

      Jurisdiction of this Court is invoked pursuant to 28U.S.C. §§1331,          1343(a)(3)&(4) and 1367(a), and 42 U.S.C. §§1983, and 1988.  Venue is proper according to 28 U.S.C. §1391(b).

3.     <u>PLEADINGS</u>:

     City's Notice of Removal of Civil Action

     City's Answer

     Order requiring Rule 26(f) proposed discovery plan

     Report of Parties Planning

     Uniform Scheduling Order

     City's Initial Disclosures

     Plaintiff's Motion to Allow Amended Complaint

     Order granting Motion to Allow Amended Complaint

     First Amended Complaint

     Summons to District Chief Kelly D. Gordon

     City's Answer to Amended Complaint

     City's Motion for Summary Judgment and Brief in Support

          Of Motion

     Order setting submission date without oral argument on Motion

          For Summary Judgment

     Plaintiff's Opposition to Defendants' Motion for Summary Judgment

     Plaintiff's Motion to Strike Affidavit Testimony of Chief Walker

     Plaintiff's Motion to Strike Affidavit Testimony of Chief Gordon

     Order Setting Motions to Strike

     City's Response to Plaintiff's Motion to Strike Portions

          Of Chief Gordon's Affidavit

City's Response to Plaintiff's Motion to Strike Portions

     Of Chief Walker's Affidavit

Plaintiff's Witness List

Order regarding Pre-Trial Conference

Motion of Personnel Board to Supplement Scheduling Order

Order to show Cause why Supplementing Scheduling Order should

     Not be granted

4.    <u>CONTENTIONS OF THE PARTIES</u>:

     At the pretrial conference on April 5, 2007, all parties agreed that only two substantive claims remain.  The first claim is a federal First Amendment claim for money damages pursuant to 42 U.S.C. § 1983 and is directed solely to defendant Kelly Gordon in his individual capacity.  This claim alleges that Gordon caused plaintiff Hartwell to be demoted in retaliation for Hartwell having exercised his First Amendment right to complain about Gordon's tattoo.  The second claim is a supplemental state-law claim for a writ to certiorari to the Personnel Board for the City and County of Montgomery and directed solely to the defendants Personnel Board and City of Montgomery. This claim alleges that the Personnel Board lacked sufficient evidence to uphold the demotion of plaintiff Hartwell, and under this claim Hartwell seeks reinstatement, backpay, and attorneys' fees.

     A.    <u>Plaintiff's Contentions</u>:

The Plaintiff Lee Hartwell was recommended for demotion by the Fire Department of the

City of Montgomery on October 5, 2005. Each of the charges brought against him stemmed from

discipline initiated by Defendant District Fire Chief Kelly D. Gordon.

     Prior to Gordon being promoted to District Chief and prior to his ever supervising the

Plaintiff, the Plaintiff filed a Complaint with the Fire Department that a tattoo that the District Chief

had on his bicep was offensive and in violation of the Fire Department's policy. The tattoo was a

Confederate Battle Flag with a human skull within the flag. At the time the Plaintiff complained of

the offensive tattoo in violation of the Fire Department's policy, he and Gordon were each Firefighters and neither held rank. Hartwell did not make the complaint due to a position he held in the Fire Department, nor did he make the compliant as a part of his job requirements.        A f t e r Hartwell's complaint, Gordon received several promotions and was ultimately promoted to District Chief. Prior to becoming District Chief, Gordon never supervised the Plaintiff Hartwell. Within twenty (20) days of becoming a District Chief and in a position then to supervise the Plaintiff, Gordon initiated discipline against the Plaintiff. According to Gordon, supervisors above him withdrew the discipline because it was improper. Gordon continued to discipline the Plaintiff arbitrarily and without cause. He did so in retaliation for the Plaintiff's exercising his First Amendment Rights and petitioning the Montgomery Fire Department to enforce its policies, rules, and regulations as to the Defendant Gordon. Gordon did not act in good faith and the law was clearly established at the time he disciplined Hartwell that he should not discipline the Plaintiff as a result of him making a complaint concerning the tattoo.

All of the charges for which the Plaintiff was demoted were improperly brought by Gordon, as the Plaintiff's conduct did not violate policy.

The charge of failing to carry out an order of a superior was the result of the Defendant Gordon telling the Plaintiff that he must bring a doctor's excuse because he became sick and had to go home while working an overtime shift. The rules and regulation of the Montgomery Fire Department state that a Firefighter may be required to furnish a doctor's excuse if he is seeking to be compensated for paid sick leave. Hartwell, as an overtime employee, was not seeking to be paid sick leave and therefore, there was no authority to require him to bring a doctor's excuse.

The Plaintiff was charged with breaking the chain of command and the memos referred to

4

in the charge complied with the official written policy of the Montgomery Fire Department. The Defendant Gordon contends that although there is a written policy as to the chain of command, it is not the correct policy. He has admitted that Hartwell complied with the written policy. It is undisputed that the Plaintiff addressed his memorandums to Deputy Chief Walker and submitted them up the chain of command exactly as required by the rules and regulations of the Montgomery Fire Department.

The Defendant Gordon also charged the Plaintiff with "making untrue and slanderous comments about a superior" and these comments were allegedly made in a memorandum to Deputy Chief Walker complaining about his treatment by Gordon. The Plaintiff stated that, in his opinion, Gordon was biased against him. The Plaintiff was charged with "making untrue and slanderous comments" about Gordon because he stated that he believed that, in his opinion, Gordon was biased. The statements were neither untrue or slanderous. Gordon's contention was that they were untrue because he was not "biased". The charge brought against the Plaintiff seeking his demotion "making untrue slanderous comments about a superior" was an effort to take action against Hartwell for exercising his constitutional right of freedom of speech and to petition for redress as a result of mistreatment by his superior, the Defendant Gordon.

The Defendants never made clear what action constituted "being disrespectful to a superior".

The Plaintiff had a constitutional right to speak out about a matter of great public interest and to seek redress to enforce the polices, rules, and regulations of the Montgomery Fire Department where he was employed. Under color of law and through the authority of the City of Montgomery, the Defendant Gordon violated the constitutional rights of the Plaintiff, caused him to be retaliated against for exercising his right to freedom of speech and seek redress, and in violation of Title 42,

5

Section 1983, punished the Plaintiff by demoting him.

The order given to the Plaintiff, which he allegedly refused to carry out, was not a valid, lawful order. The Plaintiff complied with the written policy of the chain of command. The Plaintiff was not disrespectful to a superior. The Plaintiff did not make untrue and slanderous comments about a superior. The Defendants violated the Plaintiff's right to equal protection in that no one else had been required to give a doctor's excuse when not seeking overtime. No other Firefighter had been charged with violating the chain of command when he followed the written policy of the Montgomery Fire Department. No other Firefighter had been charged with "making untrue and slanderous comments about a superior" when he gave his opinion as to the superior being biased against him.

The evidence presented before the Montgomery City-County Personnel Board was insufficient to uphold the demotion of the Plaintiff.

Under color of law and through the authority of the City of Montgomery, the Defendant Gordon violated the constitutional rights of the Plaintiff, retaliating against him for exercising his right to freedom of speech and to seek redress and in violation of Title 42, Section 1983, punished the Plaintiff by demoting him.

The Plaintiff seeks to be retroactively reinstated to his position as a Sergeant with the Montgomery Fire Department along with all rights associated therewith, including backpay for the period of his demotion until his retirement and attorney's fees pursuant to Title 42, Section 1988.

B.    Defendants city of Montgomery's and Kelly Gordon's contentions:

Lee Hartwell was demoted from Fire Sergeant to Firefighter upon the recommendation of Assistant Fire Chief Carl Walker for:

6

(1) Refusing to carry out the order of a superior

(2) Violating the chain of command

(3) Being disrespectful to a superior

(4) Making untrue and slanderous comments about a superior

These charges stem from an incident wherein Hartwell feigned sickness in order to get out of doing work after he had volunteered to work an additional shift. While he was not charged with feigning the sickness, he refused to provide a return to work slip from his doctor after being directly ordered to do so by his district chief. After being written up for that refusal, Hartwell sent a letter directly to his division commander, Assistant Fire Chief Carl Walker, complaining of having been written up by Kelly Gordon. He thereby violated the department's policy regarding chain of command, which requires that letters and grievances and other communications be sent to the fire fighters direct supervisor so that it may be determined by that officer whether the letter or grievance needs to be handled at a higher level. Obviously, a link in the chain may be bypassed if the grievance concerns the individual who occupies that particular link in the chain.

Hartwell also typed a memo concerning a tattoo that Kelly Gordon had on his upper arm which depicts a confederate battle flag. In that letter, Hartwell compares Chief Gordon to skin heads and the Ku Klux Klan. Having a long history of sending letters disparaging his supervisors or reporting them for alleged rules violations immediately following some disciplinary action by that supervisor, Hartwell was charged by Assistant Chief Walker of making untrue and slanderous remarks about Chief Gordon.

The write-up issued by Chief Gordon occurred prior to the most current tattoo complaint and, therefore, could not have been made in retaliation for the said complaint. A similar complaint about

7

the tattoo is alleged to have been made previously in 1999. While no documentation exists from which the statement may be analyzed for free speech protection, Defendants assert that the time lapse between the 1999 complaint and the 2006 demotion makes the demotion too remote from the complaint to be retaliation.

(i).     First Amendment §1983

Additionally, the defendants assert that Hartwell's 1999 complaint, based upon its "content, form, and context," was not made "primarily as a citizen on behalf of the public," but rather as "an employee upon matters of personal interest," and is, therefore, not entitled to free speech protection in the public employment setting. Maggio v. Sipple, 211 F.3d 1346, 1352 (11th Cir.2000).

Defendants assert, too, that the employer's interest in "effective and efficient fulfillment of its responsibilities" outweighs the employee's free speech interests in this particular case. Cook v. Gwinnett County School District, 414 F.3d at 1318 (11th Cir., 2005)

(ii)     Writ of Certiorari

There was ample evidence to support the Montgomery City-County Personnel Board's determination to uphold the demotion of Hartwell.

(iii)     Qualified Immunity

Defendants aver that Kelly Gordon was acting, at all times material hereto, within the line and scope of his duty, and that he violated no "clearly established right" of Hartwell's. **Holmes v. Kucynda, 321 F.3d 1069, 1077 (11th Cir.2003). He is, therefore, entitled to qualified immunity for his actions, and the city of Montgomery is vicariously protected thereby.**

C.     Defendant Montgomery City-County Personnel Board's Contentions:

There was substantial evidence to support the Montgomery City-County Personnel Board's determination to uphold the demotion of Hartwell.

5.     STIPULATIONS BY AND BETWEEN THE PARTIES:

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last three (3) days, are set for May 14, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama, Courtroom 2FMJ;

(2) A trial docket will be mailed to counsel for each party approximately two (2) weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge so that each will have a set of the exhibits;

(4) Trial briefs are required to be filed by May 9, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 7) entered by the court on October 12, 2006; and

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE, this the 6th day of April, 2007.


    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE