**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| LEE HARTWELL,         ) | Case No.: 2:06-CV-518 |
|         ) | |
|       Plaintiff,    ) | **CITY OF MONTGOMERY'S and KELLY** |
|         ) | **GORDON'S REQUESTED JURY** |
|         ) | **INSTRUCTIONS and SPECIAL** |
|     vs.      ) | **INTERROGATORIES** |
| THE CITY OF MONTGOMERY and THE ) | |
| PERSONNEL BOARD FOR THE CITY AND) | |
| COUNTY OF MONTGOMERY, and KELLY ) | |
| GORDON       ) | |
|         ) | |
|     Defendants.   ) | |
|         ) | |
|         ) | |

COME NOW the defendants City of Montgomery and Kelly Gordon, by and through undersigned counsel, and request the following jury charge be given and the special interrogatories so denominated be submitted to the jury at the close of the trial in the above-named case.

### 1.1.1. Eleventh Circuit Pattern Jury Instructions

**Public Employee First Amendment Claim**

**Discharge/Failure to Promote Free Speech on Matter of Public Concern**

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of <u>Alabama as the City of Montgomery and a District Chief for the Montgomery Fire Department, respectively,</u> they intentionally violated the Plaintiff's

constitutional rights under the First Amendment to the Constitution when the Defendants demoted the Plaintiff because of the Plaintiff's exercise of the right of free speech.

The Defendants deny that they violated the Plaintiff's rights in any way, and assert that the Plaintiff would have been demoted despite the complaint that he made against Kelly Gordon in 1999. Defendant Gordon also asserts that he was acting within the line and scope of his duties as District Chief and that he is entitled to qualified immunity for his actions because the plaintiff's First Amendment protection for his complaint was not clearly established at the time of the demotion.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern.

In this case, therefore, if you find that the Plaintiff engaged in speech activity concerning _____, you are instructed that the subject of such speech activity was a matter of public concern; and, as a public employee, the Plaintiff could not legally be penalized because of the Plaintiff's exercise of First Amendment rights in discussing that subject of public concern.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:     That the actions of the Defendants were "under color" of the authority of the State;

<u>Second</u>:        That the Plaintiff engaged in speech activity concerning [<u>describe the</u>
                <u>subject of public concern</u>];

<u>Third</u>:         That such speech activity was a substantial or motivating factor in the
                Defendants' decision to <u>demote the Plaintiff from sergeant to firefighter</u>;
                and

<u>Fourth</u>:        That the Defendants' acts were the proximate or legal cause of damages
                sustained by the Plaintiff.


In the verdict form that I will explain in a moment, you will be asked to answer a series
of questions concerning each of these factual issues.

A state or local official acts "under color" of the authority of the state not only when the
official acts within the limits of lawful authority, but also when the official acts without or
beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under
color" of state law, however, the unlawful acts must be done while the official is purporting or
pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse
or misuse of power which is possessed by the official only because of the position held by the
official.

You should be mindful that the law applicable to this case requires only that a public
employer refrain from taking action against a public employee because of the employee's
exercise of protected First Amendment rights. So far as you are concerned in this case, a public
employer may demote a public employee for any other reason, good or bad, fair or unfair, and
you must not second guess that decision or permit any sympathy for the employee to lead you to
substitute your own judgment for that of the Defendants even though you personally may not
approve of the action taken and would have acted differently under the circumstances. Neither

does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiff's protected speech activities were a "substantial or motivating" factor in the Defendants' decision, the Plaintiff does not have to prove that the protected speech activities were the only reason the Defendants acted against the Plaintiff. It is sufficient if the Plaintiff proves that the Plaintiff's protected speech activities were a determinative consideration that made a difference in the Defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would <u>have been demoted</u> for other reasons even in the absence of the protected speech activity. If you find that the Plaintiff would <u>have been demoted</u> for reasons apart from the speech activity, then your verdict should be for the Defendants.

If you find for the Plaintiff and against the Defendants on their defense, you must then decide the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.

Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.  You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    Net lost wages and benefits to the date of trial;

    (b)    Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

**[  ] Given**               **[  ] Denied**

## SPECIAL INTERROGATORIES

## TO THE JURY

**Do you find from a preponderance of the evidence:**

    1.  That the actions of the Defendants were "under color" of the authority of the State?

        Answer Yes or No    _____

    2.  That the Plaintiff engaged in speech activity concerning a complaint regarding Kelly Gordon's tattoo?

        Answer Yes or No    _____

    3.  That such speech activity was a substantial or motivating factor in the Defendants' decision to <u>demote the plaintiff</u>?

        Answer Yes or No    _____

    4.  That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff?

        Answer Yes or No    _____

        [Note: If you answered No to any of the preceding questions you need not answer any of the remaining questions.]

5.  That the Plaintiff <u>would have been demoted</u> for other reasons even in the absence of the Plaintiff's protected speech activity?

       Answer Yes or No      _____

       [Note: If you answered Yes to Question No. 5 you need not answer the remaining questions.]

6.  That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

       Answer Yes or No      _____

       If your answer is Yes,
       in what amount? $      _____

7.  That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

       Answer Yes or No      _____

       If your answer is Yes,
       in what amount? $      _____

SO SAY WE ALL.

_____
Foreperson

DATED:_____

      Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090),
Attorney for the City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of April, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

      J. Bernard Brannan, Jr., Esq.
      P.O. Box 307
      Montgomery, AL 36101

      Robert D. Segal
      Copeland, Franco, Screws & Gill, P.A.
      P.O. Box 347
      Montgomery, AL 36101-0347

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

/s/ Wallace D. Mills
OF COUNSEL