IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| LEE HARTWELL, | ) | Case No.: 2:06-CV-518 |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF LEE HARTWELL'S** |
| | ) | **OPPOSITION TO OBJECTION** |
| vs. | ) | **TO EXHIBIT** |
| | ) | |
| THE CITY OF MONTGOMERY and | ) | |
| THE PERSONNEL BOARD FOR THE | ) | |
| CITY AND COUNTY OF | ) | |
| MONTGOMERY, and KELLY | ) | |
| GORDON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Lee Hartwell, the Plaintiff in the above styled action, by and through undersigned counsel, and files this his opposition to the objection filed by the Defendants the City of Montgomery and Kelly Gordon objecting to the admission of the City of Montgomery's Tattoo Policy as an exhibit in this cause, and as grounds would set forth the following:

It is the Plaintiff's position that he was written up and ultimately demoted as a result of retaliation by the Defendant Kelly Gordon for his complaining about Gordon's Confederate Flag and skull tattoo, as such violated the City of Montgomery's Tattoo Policy. The Plaintiff's complaint concerning the Tattoo Policy was a legitimate complaint and although it was investigated in 1999 by an assistant chief of the Fire Department who was a white male and the tattoo was found to be in compliance with the policy, the substance of the policy is probative

to the issues in this cause. Therefore, to prevent admission of the City of Montgomery Fire Department Policy, which controls the use of tattoos, would be improper. The policy is admissible based upon the facts of this case and to allow testimony concerning the objection to the violation of the policy by Defendant Kelly Gordon, but not allow the jury to know the contents of the policy, would only serve to confuse the jury.

The substance of the Plaintiff's complaint was that Kelly Gordon's tattoo violated the policy and Gordon then retaliated against him for complaining about it. The jury should be allowed the opportunity to review the policy to determine that the complaint concerning the policy by the Plaintiff Lee Hartwell was a good faith complaint in that the tattoo was offensive to African-Americans.

Respectfully submitted on this the 1st day of May, 2007.

_____
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff Lee Hartwell

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, AL 36101
(334) 264-8118
(334) 263-7598 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the ___ day of May, 2007:

Wallace D. Mills
Attorney for the City of Montgomery
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111

Robert D. Segall
Attorney for the City-County of Montgomery Personnel Department
Post Office Box 347
Montgomery, Alabama 36101-0347

_____
OF COUNSEL