**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| LEE HARTWELL, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF MONTGOMERY and THE PERSONNEL BOARD FOR THE CITY AND COUNTY OF MONTGOMERY, and KELLY GORDON <br><br> Defendants. | Case No.: 2:06-CV-518 <br><br> **DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

COME NOW City of Montgomery and Kelly Gordon, by and through undersigned counsel, and object to the proposed jury instructions submitted by the plaintiff in document number thirty-seven, and in support thereof, say as follows:

Plaintiff's proposed jury charge purports to instruct the jury on three factors that it must determine in this case, including the question of whether or not the subject speech involves a matter of public concern. The plaintiff cites to Cook v. Gwinnett County School District, 414 F.3rd 313 (11th Circuit, 2005) in support of his jury charge. In that case, the 11th Circuit held that whether or not the speech involved a matter of public concern and whether the employee's free speech interest were outweighed by the employer's interest in effective and efficient fulfillment of its responsibilities (elements 1 and 2 of the 4 step analysis set out in Cook) were questions of law to be determined by the court and not the jury. Cook v. Gwinnett County School District, 414 F3rd 313, 318 (11th Circuit, 2005). The only issues for the jury to determine in this case, then, are elements 3 and 4; whether or not "the speech played a substantial part in the adverse

1

employment action," and whether or not "the employer would have made the same decision even in the absence of the protected speech." Cook v. Gwinnett County School District, 414 F3rd 313 (11th Circuit, 2005).

The jury, therefore, should not be instructed on whether or not the speech involved a matter of public concern. Nor should it be instructed on whether or not the employee's free speech interest outweighed the employer's interest. These questions of law must be determined by the court, and they must be decided prior to any issue of damages being determined by the jury.

WHEREFORE, Defendants City of Montgomery and Kelly Gordon move this Honorable Court to deny Plaintiff's proposed jury instructions 1 and 2.

Respectfully submitted,


/s/ Wallace D. Mills
Wallace D. Mills (MIL 090)
Attorney for the City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of May, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

      J. Bernard Brannan, Jr., Esq.
      P.O. Box 307
      Montgomery, AL 36101

      Robert D. Segall, Esq.
      Copeland, Franco, Screws & Gill, P.A.
      P.O. Box 347
      Montgomery, AL 36101-0347

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

                                          /s/ Wallace D. Mills
                                          OF COUNSEL