IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| LEE HARTWELL, | ) Case No.: 2:06-CV-518 |
| Plaintiff, | ) **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO OBJECTION TO EXHIBIT** |
| vs. | ) |
| THE CITY OF MONTGOMERY and THE PERSONNEL BOARD FOR THE CITY AND COUNTY OF MONTGOMERY, and KELLY GORDON | ) |
| Defendants. | ) |

COME NOW City of Montgomery and Kelly Gordon, by and through undersigned counsel, and in reply to Plaintiff's Opposition to Objection to Exhibit (Doc. No. 36), say as follows:

In the plaintiff's opposition to the defendant's objection to the admission of the Montgomery Fire Department's Tattoo/Brand Policy into evidence at the trial of this case, the plaintiff makes only conclusory arguments that the substance of the policy is probative without saying how or why it is. The closest the plaintiff comes to a substantive argument is to say that it is important for the jury to understand that the plaintiff's complaint regarding Kelly Gordon's tattoo was a "good faith complaint" and that the tattoo was "offensive to African Americans." (Doc. No. 36). Whether or not the complaint was made in good faith has nothing to do with the issue at bar in this case; in other words whether the complaint was in good faith is of no consequence to whether or not the plaintiff was entitled to first amendment protection for his complaint, and is not probative to whether or not he was retaliated against therefore. Likewise, whether or not the tattoo was "offensive to African Americans" is in no way probative of

1

whether or not Mr. Hartwell was retaliated against for his complaint or whether he was entitled the first amendment protection. In fact, the substance of the Tattoo/Brand Policy of the Montgomery Fire Department in no way leads to an understanding as to whether or not the tattoo was even "offensive to African Americans" as the plaintiff has suggested. Any link that the plaintiff attempts to make between these assertions and the ultimate issues are tenuous at best, and such an inquiry into the substance of the Tattoo/Brand Policy would serve to direct the jury's attention away from the ultimate issues.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090)
Attorney for the City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 3rd day of May, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

     J. Bernard Brannan, Jr., Esq.
     P.O. Box 307
     Montgomery, AL 36101

     Robert D. Segall, Esq.
     Copeland, Franco, Screws & Gill, P.A.
     P.O. Box 347
     Montgomery, AL 36101-0347

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

     /s/ Wallace D. Mills
     OF COUNSEL