IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LEE HARTWELL,                )<br>                              )<br>    Plaintiff,              )<br>                              )<br>    v.                        )<br>                              )<br>THE CITY OF MONTGOMERY,       )<br>ALABAMA, PERSONNEL            )<br>BOARD OF THE CITY AND         )<br>COUNTY OF MONTGOMERY,         )<br>ALABAMA, and DISTRICT         )<br>CHIEF KELLY D. GORDON,        )<br>in his individual             )<br>capacity,                     )<br>                              )<br>    Defendants.               )  | CIVIL ACTION NO.<br>2:06cv518-MHT |

ORDER

It is ORDERED that plaintiff Lee Hartwell's motions to strike affidavit testimony (doc. nos. 18 & 19) are denied under the conditions set forth below.

The Federal Rules of Civil Procedure delineate the general use of a motion to strike: "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The terms of the rule make clear that

"[o]nly material included in a 'pleading' may be subject of a motion to strike. ... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999).  Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings, and, in this case, that would be all documents at issue.  See Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (Thompson, J.); Fed. R. Civ. P. 7(a) (a "pleading" is "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.").

Nevertheless, in resolving the pending summary-judgment motion, the court will implicitly consider the motion to strike as, instead, notices of objections to the testimony described. Norman v. Southern

<u>Guar. Ins. Co.</u>, 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.); <u>Anderson v. Radisson Hotel Corp.</u>, 834 F.Supp. 1364, 1368 n.1 (S.D. Ga. 1993) (Bowen, J.). The court is capable of sifting evidence, as required by the summary-judgment standard, without resort to an exclusionary process, and the court will not allow the summary-judgment stage to degenerate into a battle of motions to strike.

    DONE, this the 10th day of May, 2007.

                                  /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**